Charles Quimby, Appellant, *v.* Horace B. Claflin et al., Respondents.

A motion at Special Term to set aside or strike out an amendment of a pleading made by a referee on trial is improper.

*It seems,* that the proper mode of reviewing the decision of the referee is by exception thereto and appeal from the judgment.

An order denying a motion for leave to serve an amended complaint is not appealable to this court.

(Argued April 8, 1879; decided May 20, 1879.)

These were two appeals, the one from an order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term which denied a motion on the part of defendants to strike out an amendment of the complaint herein, and to set aside an order of the referee made on trial allowing such amendment, and granting the motion; the other from an order of said General Term affirming an order of Special Term which denied a motion on the part of plaintiff for leave to serve an amended complaint.

*I. T. Williams,* for appellant. An order striking out a pleading or a part of a pleading is reviewable in this court. (Code Civil Procedure, § 190.)

*Robert S. Green,* for respondents. The order denying the motion to serve an amended complaint was not appealable to this court. (*Foote* v. *Lathrop,* 41 N. Y., 358; *Fillman* v. *Hinman,* 10 How., 89; *Richtmeyer* v. *Remsen,* 38 N. Y., 206; *O'Neil* v. *N. Y. C. R. R.,* 60 id., 138; *Russell* v. *Coun,* 20 id., 81; *McQueen* v. *Babcock,* 22 How. Pr., 229; *Saltuse* v. *Genin,* 19 How., 233; *Filton* v. *Beecher,* 59 N. Y., 176; *Cushman* v. *Brundrett,* 50 id.; *Wright* v. *Hunter,* 46 id., 409; *Downing* v. *Kelly,* 48 id., 433; *Courtney* v. *Baker,* 60 id., 1; *Cole* v. *Mann,* 62 id., 1; *Sands* v. *Crooke,* 46 id., 664.)

Rapallo, J.   We think that the proper mode of review-
ing a decision of a referee allowing an amendment on the
trial, is by exception to his decision, and an appeal from the
judgment entered thereon, and that a motion to the court
at Special Term to set aside or strike out an amendment
thus allowed is improper.   The decisions of a referee made
upon the trial stand as the decisions of the court and are
reviewable in the same manner, and by section 1018 of the
Code of 1877, a referee upon the trial exercises the same
powers as the court to allow amendments.   Upon a trial
before the court if an amendment of the complaint were
allowed it is manifestly absurd to suppose that during the
pendency of the trial a motion to another judge holding
Special Term, to strike out the amendment allowed by the
trial judge would be entertained.   It is equally out of order
to entertain such a motion when the trial is before a referee,
who, under the statute, is exercising the power of the court
in allowing the amendment.   The trial cannot be split up
in this manner and conducted at the same time in part by
the court and in part by a referee.   The General Term
alone has power to review the decisions of a referee upon a
trial and it is premature to seek to review such decisions
until he has made his final report and an appeal is taken from
the judgment entered thereon.   The case must be treated
as if the trial were before the court.   (*Woodruff* v. *Dickie*,
5 Rob., 620; 31 How. Pr., 164; *Secor* v. *Law*, 3 Keyes,
526.)

The motion to strike out the amendment allowed by the
referee was properly denied at Special Term.   The order
of the General Term should therefore be reversed and that
of the Special Term affirmed, with costs.

The order denying plaintiff's motion at Special Term for
leave to serve an amended complaint is not appealable to
this court, and the appeal from that order is dismissed, with
costs.

All concur, except Miller J., absent.

Appeal dismissed.