CONLEW, INC., Appellant, *v.* ALGERNON S. UHLER, Respondent.

First Department, November 17, 1933.

*Leonard G. Bisco* of counsel [*Lester E. Denonn* with him on the brief; *Newman & Bisco*, attorneys], for the appellant.

*Stuart H. Steinbrink* of counsel [*George L. Trumbull* with him on the brief; *Rushmore, Bisbee & Stern*, attorneys], for the respondent.

O'MALLEY, J.   Two questions are presented, one procedural, the other of substantive law.   The first is whether, after an amendment at Trial Term, whereby a defense is added, its sufficiency may be tested at Special Term, or only by an appeal from an order entered at Trial Term.   The question of substantive law relates to the sufficiency of the defense.

The plaintiff as assignee sues to recover upon a collateral note made by the defendant, payable to the Chatham-Phenix National Bank and Trust Company, and indorsed by one Farquhar.   The defendant was an accommodation maker.

Over objection and exception duly taken, the defendant upon the trial of the issues which resulted in a disagreement, was permitted to interpose the defense in question.   It was to the effect that when the note was executed by the defendant, plaintiff's assignor and two other banks, all members of a syndicate interested in the loan to Farquhar and all having knowledge of the nature of the defendant's obligation, failed to disclose the fact that they had been unable to obtain payment on other past due promissory notes executed by Farquhar; that had defendant known such fact he would not have signed the note as an accommodation maker.

Considering first the procedural question, we are of opinion that the order appealed from must be affirmed; not, however, on the merits, but for the reason that the sufficiency of the defense permitted by way of amendment at Trial Term was not reviewable at Special Term.   While it is true that the motion made at Special Term was referred to the trial justice who permitted the amendment, nevertheless, he was then acting in Special and not in Trial Term.   The order appealed from is a Special Term order.

We are of opinion that orderly procedure requires that the sufficiency of a pleading interposed during a trial should be tested either on appeal from the judgment entered after such trial, or where, as here, the trial has proved abortive, by an appeal from the order entered at Trial Term.   (*Quimby* v. *Claflin*, 77 N. Y. 270; *Dane* v. *MacFadden Publications, Inc.*, 226 App. Div. 815.)

To obviate possible future appeals we further hold on the merits the defense involved should not have been permitted because of insufficiency.   There was here no confidential relationship nor one of trust between the banks and the defendant.   The parties were dealing in a commercial transaction at arm's length.   The duty of inquiring was upon the defendant.   The very fact that the loan was refused upon the personal obligation of Farquhar was in itself sufficient to put the defendant upon notice that Farquhar's financial responsibility was questioned by the lenders.   The defendant, therefore, should have himself made inquiry, if the question

of Farquhar's financial standing at all concerned him. The duty to speak, and to speak fully and truthfully, would then rest upon the defendant. This seems to be the rule in England and in practically all of the States of this Union. (*Kirby* v. *Duke of Marlborough*, [1813] 105 Eng. Reprint, 289, 291; *Hamilton* v. *Watson*, [1845] 8 id. 1339, 1343; *Wythes* v. *Labouchere*, [1859] 44 id. 1397, 1404; *Magee* v. *Manhattan Life Ins. Co.*, 92 U. S. 93; *Farmers', etc., N. Bank* v. *Braden*, 145 Penn. St. 473; *Dambmann* v. *Schulting*, 75 N. Y. 55; *American Credit Co.* v. *Wimpfheimer*, 14 App. Div. 498; *Western N. Y. Life Ins. Co.* v. *Clinton*, 66 N. Y. 326; *Howe Machine Co.* v. *Farrington*, 82 id. 121.)

It follows, therefore, that the order appealed from should be affirmed, but without costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Order affirmed, without costs.