(April 14, 1941.)

J. R. CONSTRUCTION CORP., Respondent, v. BERKELEY APTS., INC., Appellant.—
The motion is referred to the court that rendered the decision. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ. Motion for reargument granted and considered upon the papers submitted. Upon reargument, the decision of this court dated March 3, 1941 [*ante*, p. 966], is annulled and canceled, and the order entered thereon vacated. The order striking out the defendant's answer and granting plaintiff's motion for partial summary judgment is modified on the law and the facts as follows: In the first decretal paragraph, by striking out the figures $3,000 and $1,787.80, substituting in place thereof the figure $2,110; and by striking out the figure $5,158.52 and substituting in place thereof the figure $2,480.72. In the fourth and fifth decretal paragraphs, by striking out the figure $5,158.52 and substituting in place thereof the figure $2,480.72, and by striking out the words " all costs " and substituting in place thereof the words " half costs." By adding a decretal paragraph to the effect that triable issues are raised by the answer as to the items $890 and $1,787.80, and pending the event of the trial of these issues half costs are made contingent. As to these items, if plaintiff, within ten days from the entry of the order hereon, files a notice of election to discontinue, the modifications of decretal paragraphs fourth and fifth of the order, with respect to half costs, will not be made, and full costs will be awarded to plaintiff. The judgment entered on the order is modified to conform. As thus modified, the order and judgment are unanimously affirmed, with ten dollars costs and disbursements to plaintiff. On the motion for summary judgment defendant was required to marshal its evidence to show that it has a meritorious defense. There was no sufficient showing to raise an issue of duress. Nor was evidence submitted to indicate that a defense exists to the demand made under the third agreement of the parties, namely, for an unpaid balance of $370.72. The claim of non-performance of the first contract, to the extent of $890, is sufficiently put in issue by the showing in the papers. The same is true with respect to the claim of $1,787.80. In any event evidence is necessary to make clear the meaning of paragraph 15th of the original agreement with respect to court brick. The parties concede that the paragraph applies to face brick, but in view of the proof as to prices of different types of brick the paragraph is ambiguous as to whether or not court brick was intended to be included. The defendant is not barred from asserting defenses, other than duress, to the claims of $890 and $1,787.80 respectively, by the judgment entered on the general verdict, which included a finding against the counterclaim, and from which portion of the judgment no appeal was taken. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ. Settle order on notice.

CLARENCE H. BELLINGER, Respondent, v. HARRY M. GOLDSTEIN, Appellant.—
Action to recover damages for personal injuries sustained as the result of the collision of two automobiles. Order setting aside the verdict of a jury in favor of defendant and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.