Edward Robinson, Jr., J.
This is a motion by the plaintiff for summary judgment pursuant to rule 113 of Rules of Civil Practice.
The complaint alleges that on the 24th day of March, 1958 the defendants other than the defendants Ultramar Inter-America Corporation and Oficinas De Ultramar, S. A. made, executed and delivered to the plaintiff their bond and guarantee of payment of a loan made by the plaintiff to Keilly Agency Inc. as principal and the Latin American Pool, as surety, through Ultramar Inter-America Corporation as brokers. The bond is in the penal sum of $74,000 and refers to the fact that -we principal had obtained on the date of the execution of the . wid from the plaintiff in this action, then known as Security National Bank of Huntington, N. Y., a loan in the sum of $74,000 and is conditioned that if the principal Keilly should pay the loan, the obligation should be void otherwise to remain in force and effect.
It is conceded by the pleadings and papers submitted that the corporate defendants named in the complaint other than the defendants Ultramar Inter-America Corp. and Oficinas De Ultramar, S. A., constituted the surety named on the bond as the Latin American Pool and that the defendant corporation, Oficinas De Ultramar, S. A. as the manager of the group known as the Latin American Pool had authority to execute the bond. The bond was executed by Jorge Arnoldson as vice-president of said manager corporation.
The complaint alleges that simultaneously with the delivery of the bond, the plaintiff loaned to said Keilly Agency Inc. the sum of $74,000 evidenced by a promissory note payable to the plaintiff on March 24, 1959. This fact is not in dispute. It is further alleged and proved without contradiction by the papers filed that Keilly Agency Inc. defaulted in payment on the note on the due date, that demand was made upon the surety for payment and that payment was refused.
The complaint seeks judgment for the sum of $85,100 comprising the $74,000 principal and $11,100 attorney’s fee alleged to be payable as an expense incurred by reason of the defendants’ default.
The defendants other than the defendants Ultramar Inter-America Corporation and Oficinas De Ultramar, S. A. by their answer and by a proposed amended answer which is the subject of a motion to be decided simultaneously herewith and by the papers submitted in opposition to this motion, claim as their only defense to the action that the bond sued upon was *160 executed in reliance upon fraudulent representations and was therefore void.
The defendants Ultramar Inter-America Corporation and Oficinas De Ultramar, S. A. defend on the theory that they were not parties to the bond but were merely agents who had disclosed their principal. A cross motion by these two defendants for summary "judgment is before this court and is to be decided simultaneously herewith.
The defendants allege as the fraud upon which they rely: (1) a representation by the principal Keilly to the effect that he was authorized to reinsure $24,000 of the bond in another insurance company; (2) that the loan made to Keilly was actually $150,000 and not $74,000 and that this fact was concealed by the plaintiff; (3) that the proceeds of the loan were to be used by Keilly for a corporation other than his own and that this fact was known by the plaintiff and concealed by it; (4) that both Keilly and the other corporation referred to were in precarious financial condition and that this fact was known to plaintiff and concealed by it.
These defendants further claim that by the terms of the note and the happening of certain other incidents, the plaintiff was entitled to accelerate the due date of the note, failed to do so and that by this failure, the defendants as sureties were released. It is not claimed that an extension of time was given to the principal without the knowledge of the surety. Nothing is shown that would appear to affect the position of the surety, if the contention of the defendants is true. The obligation of the defendants was absolute and required them to pay up to the sum of $74,000 if the principal did not pay. There was nothing in their obligation that limited their liability or that would prevent the plaintiff bank from waiting until the due date of the note as set forth therein. It is no defense to their obligation to state merely that the bank could have pursued their remedies at an earlier date.
In this case the plaintiff bank did not apply to the defendants for the bond. Concededly the application was made by the principal. Although the defendants claim that the plaintiff bank was working in concert with the principal Keilly, they have offered nothing in opposition to this motion to show that this was the case. The papers submitted show that a representative of the defendants named as a “ Mr. Woollaston ” talked with Mr. Patrick J. Ryan, an assistant vice-president of the plaintiff bank, prior to the execution and delivery of the bond. At that time if there were any questions in the mind of the surety with reference to the transactions, information in connection there *161 with could have been sought. There is no claim that false answers were given in response to inquiries.
There was here no confidential relationship nor one of trust between the plaintiff bank and the defendants. The parties were dealing in a commercial transaction at arm’s length. The duty of inquiry was upon the defendants. The very fact that a bond was being required was in itself sufficient to put the defendants upon notice that Keilly’s financial responsibility was questioned by the bank. The defendants therefore should have themselves made inquiry if the financial standing at all concerned them. (Conlew, Inc. v. Uhler, 239 App. Div. 380, 381.)
It was the duty of the defendants to look out for themselves and ascertain the nature of the obligations embraced in their undertaking. Any other rule would render securities of this character of but little, if of any, value. (Western N. Y. Life Ins. Co. v. Clinton, 66 N. Y. 326, 331.)
The concealment which will avoid a guarantee must be a fraudulent one; if not fraudulent in fact or in law, the defense is not made out. In order to exonerate a surety because of delay in proceeding against the principal, the surety must show explicit notice or request to the creditor to take legal proceedings to collect the debt or enforce the liability. (Howe Mach. Co. v. Farrington, 82 N. Y. 121.)
From the papers submitted upon this motion, the most that could be said in favor of the defendants is that if they had made proper inquiry and proper investigation, they might not have gambled their obligation for the premium they received. There is nothing shown from which a jury or the trier of the facts could find that the plaintiff bank fraudulently concealed material facts by which the defendants were misled or that it made false representations upon which the defendants relied. However, as to the amount for which the defendants are liable, recovery is limited to the amount specified in their undertaking. Such limit was definitely set at the sum of $74,000. That is the face amount of the note and is admittedly the principal amount due thereon. The plaintiff may recover therefore only the amount of $74,000 with interest from the date of the demand on defendants for payment, to wit: March 24,1959. Motion for summary judgment in favor of plaintiff against all of the defendants other than Ultramar Inter-America Corporation and Oficinas De Ultramar, S. A. is therefore granted.
Settle order on notice.