■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. E. SAMUEL VANCE, Alias SAM VANCE, Appellant.— Appeal by defendant (1) from a judgment of the County Court, Queens County, rendered December 20, 1956, convicting him, after a jury trial, of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law, § 70, subd. 5), and sentencing him to serve from 1 to 4 years in a State prison; and (2) from each and every intermediate order made in the action. In 1955, defendant had been convicted of the same crime; and in 1953, on his plea of guilty, he had been convicted of attempted assault in the second degree. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EURPIDES CANCEL, Appellant, against WILFRED L. DENNO, as Warden of Sing Sing Prison, Respondent.— Appeal from an order entered December 21, 1959, dismissing a writ of habeas corpus. While on parole from Sing Sing prison, appellant was arrested on a forgery charge, pleaded guilty to a misdemeanor and was sentenced. He contends that he is entitled to be credited with the time spent in the City Prison while he was under arrest upon the forgery charge and that such credit would make April 6, 1960 the date of his full maximum sentence under the prior felony conviction. Order unanimously affirmed. No opinion. Present — Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ.

■ SECURITY NATIONAL BANK OF LONG ISLAND, Respondent, v. COMPANIA ANONIME DE SEGUROS et al., Appellants, et al., Defendants.— In an action to recover on a surety bond, the appeal is (1) from an order entered July 13, 1959, denying appellants' motion for leave to serve an amended answer, (2) from an order entered July 28, 1959, granting a motion for summary judgment striking out appellants' answer, and (3) from a judgment entered on the latter order. Appellants sought to avoid the surety bond executed by them because of respondent's alleged fraudulent concealment and misrepresentation of material facts. Orders and judgment unanimously affirmed, with one bill of $10 costs and disbursements. We can see nothing in the record here presented which lends any support to appellants' claim that the respondent was guilty of fraudulent concealment and misrepresentation, nor any circumstances inconsistent with a bona fide transaction (cf. *Conlew, Inc.* v. *Uhler*, 239 App. Div. 380, and cases therein cited). Furthermore, it would be contrary to public policy to allow the protection afforded by surety bonds of this character to be endangered by charges of fraud and bad faith without a clear and sufficient averment of facts, for it would render such bonds " a very precarious security to the parties who take them " (*Bostwick* v. *Van Voorhis*, 91 N. Y. 353, 361; *Howe Mach. Co.* v. *Farrington*, 82 N. Y. 121, 127; *Western New York Life Ins. Co.* v. *Clinton*, 66 N. Y. 326, 331). Present — Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ. [21 Misc 2d 158.]

■ GERTRUDE SCUDIERO et al., Appellants, v. FRANK OTERI, Respondent, et al., Defendants.— In an action to recover damages for personal injuries resulting from the alleged negligent operation of a motor vehicle, and for medical expenses and loss of services, plaintiffs appeal from an order denying their motion for summary judgment against defendant Oteri (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.