STAGG TOOL & DIE CORP., Respondent, *v.* HERMAN L. WEISMAN, Appellant.

First Department, December 20, 1960.

*William G. Mulligan* of counsel (*Arthur B. Kananack* with him on the brief), for appellant.

*Raphael H. Weissman* of counsel (*Abbott Gould* with him on the brief; *Edward J. Mallin,* attorney), for respondent.

STEVENS, J.   This is an action to recover sums of money allegedly owed by defendant as guarantor of performance of supply agreements between plaintiff and Klozo Zipper Corp. (herein called Klozo) and as indorser of notes made by Klozo and delivered to plaintiff.   Each note was given in the month following receipt of the shipment to which it referred, and by its terms was to be paid within five months after issue.

The written agreement of May 8, 1958 (later amended by agreement dated Sept. 25, 1959) between plaintiff and Klozo provided that in case of default in payment of any of the notes, the plaintiff would have the right to declare, by written notice, the agreement terminated and upon such termination all indebtedness to plaintiff, whether represented by unpaid promissory notes or otherwise, should immediately become due and payable without right of offset or counterclaim with respect to

the same. There was a default in payment on the first note, protest, and notice of protest given, later written notice given of termination of the agreement, and action instituted to recover on the notes and for the alleged balance due. The second to sixth causes of action inclusive are actions upon specific notes, which had been indorsed in blank by the defendant prior to delivery of same to the plaintiff. Only the first note in the series had been protested and notice given.

The original guarantee of performance was dated May 8, 1958, and by letter to plaintiff, dated January 22, 1960, the defendant agreed that " notwithstanding the limit of credit specified in the said agreement, as amended [between plaintiff and Klozo], the undertaking of the guarantor will in no way be diminished or otherwise affected to your prejudice by the extension of credit at a monthly rate in excess of what is so specifically provided." And that " the guarantee provided in the contract, as amended, applies to the indebtedness generated by the amount of your shipments to Klozo regardless of the limitations stated in the contract."

The answer of the defendant consisted of denials, though he admitted execution of the notes, that plaintiff was the owner and holder of such notes and under the first cause of action defendant claimed a right of credit for returned merchandise amounting to $13,273.22. The answer included affirmative defenses that plaintiff had breached the agreement, as amended, by selling material to Klozo's competitors at more favorable prices, had interfered with business relationship of Klozo, caused Klozo to lose customers from August, 1958, thereby leading to filing by Klozo of a voluntary petition in bankruptcy on April 7, 1960, and that payment of the notes were never demanded, or presentment made and notice of dishonor given. The latter defense as to the first note was based upon a misnomer in the notice received, the notice being addressed to " Henry L. Weisman " instead of " Herman L. Weisman." In fact the first note was the only one on which notice of dishonor was given.

Plaintiff moved to strike the answer as sham and frivolous and for summary judgment under rule 113 of the Rules of Civil Practice. The motion was granted as to the second to sixth causes of action, inclusive, granted on the first, which was severed, to the extent of directing an assessment of damages before the court. It is from that order and judgment entered thereon that defendant appeals.

The affidavits by defendant in opposition to the motion claimed failure of consideration because of a material failure of plaintiff to perform. He claims that between the date of the agree-

ment and September 25, 1959, inferior merchandise was delivered. However, on that date there was a written agreement of settlement of all of Klozo's claims for $12,000. The affidavit claims also that Klozo lost certain customers by reason of plaintiff's acts beginning in August, 1958.

On appeal defendant urges (1) plaintiff's papers fail to demonstrate that there are no triable issues; (2) failure of consideration by reason of plaintiff's nonperformance is a complete defense; (3) fraudulent substitution of inferior merchandise was a breach of duty of full disclosure owing defendant which served to discharge defendant's obligations; (4) the agreement of September 25, 1959, does not prevent defenses of failure of consideration or fraud, and that (5) the defendant has been discharged from his liability as indorser on the notes, which defendant asserts were not a part of a series.

Under rule 113 pleadings '' are appraised at their real value and may be challenged by affidavits and must then be sustained by proof by affidavits of the actual facts.'' (Shientag, Summary Judgment, ch. 7, p. 25.)

The second through sixth causes of action are based upon the notes. It is incumbent upon the defendant to submit proof of a defense and to show that the matters set up in his answer are real and not feigned (*Di Sabato* v. *Soffes*, 9 A D 2d 297; *General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133) and capable of being established upon a trial.

The amended answer and affidavits of defendant reveal that the alleged loss of customers occurred or began in August, 1958, and that much else of which he complains occurred prior to the settlement agreement of September 25, 1959, which was accepted by defendant. Moreover, no evidentiary facts are adduced concerning the alleged breaches of agreed prices. The agreement of September 25, 1959, confirmed that except as provided therein all terms and conditions of May 8, 1958 agreement, as amended, remained in full force and effect, and that '' [t]ermination of the agreement of May 8, 1958, under paragraph 5 (c) by reason of default by Klozo and/or Herman L. Weisman * * * shall operate to make all notes then outstanding immediately due and payable regardless of original maturity date, without right of offset or counterclaim with respect to same.'' In other words, the agreement itself expressly provided for acceleration of the notes upon a default.

Paragraph 5 (c) of the May 8, 1958 agreement, which defendant accepted, provided for notice of protest of nonpayment in event of a default in payment, with a right of termination of the agreement in plaintiff, upon which termination outstanding

indebtedness would immediately become due and payable. Such notice of termination was given by plaintiff by letter dated April 1, 1960, which referred to the earlier notice of protest, because of a default in payment of a note due, and notified defendant of plaintiff's election to terminate the contract together with a demand for moneys due.

There is no dispute that defendant received the earlier notice of protest, but he contests its sufficiency because it was addressed to " Henry L. Weisman " rather than " Herman L. Weisman ". Such a misnomer would not serve to invalidate the notice. (*Bank of United States* v. *Lunenfeld,* 165 Misc. 654.) The acceleration provisions of the agreement, together with the letter of April 1, 1960, obviated the necessity of presentment and notice of dishonor of each note separately. (Cf. *Berman-Steinberg, Inc.,* v. *Standard Cotton Stores,* 146 Misc. 586.) Moreover, the plaintiff met the burden of proving notice of dishonor pursuant to section 368 of the Civil Practice Act.

It should be noted that defendant was a guarantor of performance and that by the language of the agreements his liability was " direct and unconditional " without right of setoff or counterclaim. As such he would not be entitled to notice of presentment and nonpayment. (*Brown* v. *Curtiss,* 2 N. Y. 225; Negotiable Instruments Law, § 160.)

The answer and affidavits of defendant fail to raise any triable issues sufficient to defeat summary judgment as to causes second to sixth inclusive, and consideration of the documentary evidence, pleadings and affidavits of plaintiff persuade us that summary judgment was properly granted as to such causes (*Kramer* v. *Harris,* 9 A D 2d 282) and there is nothing of an evidentiary nature to support the bare claim of fraud advanced by defendant (cf. *Bank for Sav.* v. *Rellim Constr. Co.,* 285 N. Y. 708; *J. R. Constr. Corp.* v. *Berkeley Apts.,* 261 App. Div. 1085).

As to the first cause of action, the court properly found that the only triable issue raised was as to the amount due under the contract for delivery of the merchandise.

Accordingly, the order and judgment appealed from should be affirmed on the law and the facts, with costs to the respondent.

EAGER, J. (dissenting in part). I dissent only insofar as this court would affirm the granting of plaintiff's motion for summary judgment on the first cause of action with the direction of an assessment of damages. In my opinion the plaintiff has not presented facts and details sufficient to establish prima facie a right of recovery upon such cause of action. In any event, it appears that there are triable issues with respect to plaintiff's

right of recovery thereunder. Accordingly, the order appealed from should be modified to delete the provisions therein granting plaintiff's motion for summary judgment on the first cause of action and plaintiff's motion therefor denied.

RABIN, J. (dissenting). I concur with Mr. Justice EAGER and join in his dissent with respect to the first cause of action. I too believe that there are issues of fact to be tried. However, I go further and dissent insofar as this court would affirm the order granting plaintiff's motion for summary judgment and the judgment entered thereon with respect to the second, third, fourth, fifth and sixth causes of action. I believe that in those causes of action, as in the first cause of action, there are present issues of fact which should be disposed of at trial rather than on motion for summary judgment. The notes were not negotiated. They are still held by the plaintiff, the payee. The defendant resists payment on the ground that the notes were given in payment of merchandise purchased by the maker from the plaintiff and that the merchandise shipped was of inferior quality and unmerchantable. He supports that claim by setting forth sufficient facts in his affidavit to raise a triable issue. True, the plaintiff asserts that in view of the agreement entered into by the defendant not to assert any offset or counterclaim as against these notes, such defense should not be considered. However, whether that agreement applied only to notes outstanding at the time the agreement was signed or whether it was intended to encompass these notes which were subsequently issued, is another issue in dispute which should also be resolved upon trial.

Accordingly, I believe that the order granting plaintiff summary judgment should be reversed in its entirety, the motion denied and the judgment entered thereon set aside.

BREITEL, J. P. and VALENTE, J., concur with STEVENS, J.; RABIN, J., dissents and votes to reverse and deny summary judgment in toto, in opinion; EAGER, J., dissents in part and votes to reverse in part and deny summary judgment as to first cause of action, in opinion.

Judgment and order affirmed, with costs to the respondent.