■ STATE BANK OF ALBANY, Respondent-Appellant, v. DAVID H. McDONNELL et al., Defendants, and WILLIAM S. IANNELLO et al., Appellants-Respondents.— Cross appeals from an order of Supreme Court, entered in Albany County, which denied the motion of the defendants Iannello for summary judgment and the plaintiff's cross motion for the same relief. The Iannellos were joint owners of a farm in Smyrna, New York which they sold to defendants McDonnell for a total consideration of $300,000. The plaintiff held real property and chattel mortgages on the property executed by the Iannellos and which were assumed by McDonnells as part of the purchase price. In addition, the bank took notes of $50,000 and $15,000 from the McDonnells secured by a chattel mortgage on their own chattels. These funds were advanced to pay part of the purchase price, to pay part of the Iannellos' mortgage installments while McDonnells were in possession pending the closing, and to liquidate prior liens and claims on McDonnells' chattels so that the bank would have a first lien. Subsequent to the conveyance, the bank loaned McDonnells $12,000 to meet current expenses and took back an unsecured note. At the time of closing, the bank insisted that Iannellos guarantee McDonnells' debts for a period of three years. While the Iannellos dispute the intent of the parties, the note is clear on its face — it is an unconditional guarantee of payment of past and future debts for three years from the date of closing. With respect to the first cause of action, there cannot be the slightest doubt that the Iannellos knew what they were guaranteeing because this was an assumption of the Iannellos' debt. The remaining causes of action were clearly secured by the terms of the guarantee. The Iannellos argue that the nondisclosure by plaintiff to them of McDonnells' prior financial condition and past debts amounted to a fraudulent misrepresentation voiding the guarantee. The trial court found questions of fact on this issue which required a trial. There are two reasons why this defense fails. First, the defendants have not pleaded fraud. (CPLR 3018, subd. [b].) Second, there was no duty on the plaintiff to advance information to Iannellos. Absent a clear showing that the bank was guilty of fraudulent concealment or misrepresentation or circumstances inconsistent with a bona fide transaction, the surety undertaking may not be avoided. (*Bostwick* v. *Van Voorhis*, 91 N. Y. 353; *Howe Mach. Co.* v. *Farrington*, 82 N. Y. 121; *Security Nat. Bank of Long Is.* v. *Compania Anonime De Seguros*, 21 Misc 2d 158, affd. 10 A D 2d 872.) The bank's duty was to disclose only those facts within its knowledge which were of such vital importance to the risk as to make it obvious that nondisclosure would, in effect, amount to a contrary representation to the surety. The defense of fraud fails unless there was concealment of material facts which were so important that if the surety had known them they would not have undertaken the risk. (*Howe Mach. Co.* v. *Farrington, supra.*) The Iannellos made no inquiry for information from the bank concerning the McDonnells. Apparently the bank knew little more about them than Iannellos except that the bank had a credit statement. That revealed that the McDonnells had prior debts and were not in a strong position financially, hence the need for the guarantee. But that is not enough to void the guarantee. (*Security Nat. Bank of Long Is.* v. *Compania Anomine De Seguros, supra.*) It has been held that even when the creditor knows of prior defaults or irregularities by the debtor, it is not obligated to disclose this

knowledge to the surety without an inquiry. (*Howe Mach. Co.* v. *Farrington, supra*; *Bostwick* v. *Van Voorhis, supra*.) Order reversed, on the law, without costs, and summary judgment granted in favor of plaintiff in the amount of $137,148.04, with interest. Herlihy, P. J., Staley, Jr., Sweeney and Simons, JJ., concur; Kane, J., dissents and votes to affirm in the following memorandum. Kane, J. (dissenting). I would affirm the order appealed from upon the ground that the issues presented do not call for summary relief. In my opinion the proof could establish a clear duty on the part of respondent bank to reveal circumstances surrounding the financing of a down payment for the purchase of a $300,000 operating farm where they concurrently extract a guarantee from the seller of all indebtedness, past, present and future incurred by the grantee-borrower. Failure to disclose under the circumstances could be a breach of a duty and create an issue of fact in this financially questionable transaction. Furthermore, the Iannellos were not represented by an attorney upon the closing of this loan and it is abundantly clear that the attorney representing the McDonnells had great influence securing the execution of the guarantee by the Iannellos. The respondent bank should not sit back and observe what may have been overreaching by their borrowers' representative and then reap the benefits upon a motion for summary judgment. The entire transaction calls for a plenary trial where obvious factual issues may be resolved.