■ THRIFT CREDIT CORP., Respondent, v AMERICAN OVERSEAS TRADING CORP. et al., Appellants. (Action No. 1.) THRIFT CREDIT CORP., Respondent, v JERRY BILTON et al., Appellants. (Action No. 2.)—Appeals (1) from orders of the Supreme Court at Special Term, entered September 15, 1974 in Broome County, which granted plaintiff's motion for summary judgment in lieu of complaint and (2) from the judgments entered thereon. In each of these actions to recover on several promissory notes in the total amount of approximately $135,000, plaintiff was granted summary judgment pursuant to CPLR 3213. The notes arose out of two written agreements between Burton Koffman and the defendant Jerry Bilton in his personal capacity and as the president of Bilton Industries, Inc., and the defendant American Overseas Trading Corporation. Special Term held that the allegations in opposition to the motions are merely conclusory and lacked sufficient evidentiary content to raise a triable issue, and that defendants were precluded under the parol evidence rule from offering evidence of the alleged oral agreement. The evidence submitted in opposition consists of an affidavit by the defendant Bilton and an unsworn surreply by him essentially repeating the allegations contained in his affidavit. In attempting to raise a triable issue of fact, the defendant Bilton asserts that he was induced to execute the notes in question by means of false oral representations made to him by Koffman, and that the plaintiff is not a holder in due course. The question of whether plaintiff is a holder in due course does not arise until it is shown that a defense does exist capable of being asserted against a mere holder of the notes *(Badische Bank v Ronel Systems,* 36 AD2d 763; Uniform Commercial Code, § 3-307, subd [3]). Therefore, the central issue on this appeal is whether the defendant has raised a triable issue of fact regarding his allegation of fraudulent inducement. The defendant Bilton's answering affidavit does not deny the execution of the various notes and agreements in question. He maintains, however, that he executed the instruments in reliance on an understanding that was never reduced to writing whereby the officers of the plaintiff would invest $1,200,000 for 60% ownership in his, the defendant's, "venture"; that the funds advanced by the plaintiff and its officers, and acknowledged in the instruments were merely "to keep the show on the road" until a "concept was structured in a manner suitable to the Koffman's financial interests." The defendant states further that he executed the notes and the agreements upon the express misrepresentation that they were a mere bookkeeping formality and that none of the defendants would be held personally responsible, and that the notes were to be repaid not by the defendants but by a corporation to be structured by the officers of the plaintiff. As to this latter contention, we note that the defendant Bilton also makes the contrary assertion that the plaintiff's officers did state that he would be held personally responsible for payment of the notes "if for any reason the deal fell through because of my neglect". Even more inconsistent with Bilton's position that the moneys advanced by the plaintiff were an investment and not a loan, is the fact that Bilton made a part payment on one of the notes. The parol evidence rule does not bar the defendant from offering evidence regarding the alleged prior oral agreement, since it was offered here not to alter the terms of an agreement

but rather to establish that the obligation under the notes never came into being (Richardson, Evidence [10th ed], §§ 606, 607). In our opinion, however, Special Term properly concluded that the assertions by the defendant Bilton of a contrary oral agreement, and his allegations of false oral representations of inducement are not substantiated by documents or other evidentiary showing, nor has the unambiguous documentary evidence submitted by the plaintiff been contradicted. The defendant is required to assemble, lay bare, and reveal his proofs in order to show that his defenses are real and capable of being established upon a trial *(Holdridge v Town of Burlington,* 32 AD2d 581). In opposing plaintiff's motion for summary judgment, "It was essential for the defendants, in claiming absence of consideration, to state their version of the facts in evidentiary form. 'Bald conclusory assertions, even if believable, are not enough.' " *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). A review of the record before us discloses that the allegations of the defendant fail to adequately raise a triable issue. Orders and judgments affirmed, without costs. Koreman, P. J., Mahoney, Main and Reynolds, JJ., concur; Greenblott J., not taking part.