■ NATALIE BESDANSKY, Respondent, v MEL FARADY REALTY CORP. et al., Defendants, and JOSEPH SEFARDY et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered October 19, 1978 in Sullivan County, which granted respondent's motion to dismiss appellants' counterclaim and for summary judgment in lieu of a complaint, and (2) from the judgment entered thereon. In March of 1976, plaintiff conveyed certain

real property in the Village of Monticello to defendant Mel Farady Realty Corporation. The property was encumbered by a first mortgage held by the Ellenville Savings Bank. The corporation also gave plaintiff a second mortgage on the property, and in connection therewith a mortgage note was executed and delivered to plaintiff by the corporation and, additionally, by appellants Joseph Sefarady and Joan Sefarady as guarantors of the corporation. Subsequently, it developed that the first mortgage was foreclosed by the Ellenville Savings Bank with the result that the lien of the second mortgage was eliminated. As a consequence, plaintiff instituted the present action by service of a notice of motion and affidavit for summary judgment in lieu of complaint (CPLR 3213), wherein she sought to recover on the mortgage note, and in their answer appellants sought reformation of the note to absolve them from personal liability thereon based upon their allegations that they executed the note under the mistaken assumption that they were signing the instrument as officers of the defendant corporation and that they would not have executed the note had they known that their personal liability on the note would result therefrom. Ultimately, Special Term granted plaintiff's cross motion to dismiss appellants' counterclaim for reformation of the note and also plaintiff's motion for summary judgment in lieu of complaint, and this appeal ensued. We hold that the order of Special Term and the judgment entered thereon should be affirmed. As noted by the court in its decision, an examination of the mortgage note reveals that both the corporation and appellants assumed liability thereon and that appellant Joseph Sefarady signed the note twice, once as corporate president and once in his capacity as an individual. Additionally, plaintiff and the attorney who handled the subject real estate transaction for both plaintiff and appellants state in sworn affidavits that appellants were advised that plaintiff would not accept the second mortgage unless appellants assumed personal liability on the mortgage note and that appellants consented to this condition. In response, appellants have set forth only their bald assertions that they would not have executed the note had they known that they were thereby assuming personal liability for its payment and that they were advised by their and plaintiff's attorney that they would not be personally liable on the note. Such being the case, we are presented with unambiguous documentary evidence clearly establishing appellants' personal liability and supported by sworn affidavits and with appellants' assertions which are unsubstantiated by either documents or other evidentiary showing. Under these circumstances, appellants have not adequately raised a triable issue of fact and summary judgment was properly granted to plaintiff *(Thrift Credit Corp. v American Overseas Trading Corp.,* 54 AD2d 994). Order and judgment affirmed, with costs to respondent. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.