**NUTMEG FINANCIAL SERVICES, INC., Plaintiff,**

v.

**Webster L. COWDEN, Jr., Defendant.**

**NUTMEG FINANCIAL SERVICES, INC., Plaintiff,**

v.

**Laban P. JACKSON, Jr., Defendant.**

**Nos. 81 C 1299, 81 C 1300.**

United States District Court, E. D. New York.

Oct. 19, 1981.

Stull, Stull & Brody by Richard J. Stull, New York City, for plaintiff.

Lord, Day & Lord by William P. Casella, New York City, for defendants.

### MEMORANDUM AND ORDER

NEAHER, District Judge.

These actions are brought by a Connecticut corporation, Nutmeg Financial Services, Inc., engaged in the business of financing loans and discounting paper, to recover on each of two promissory notes issued by the defendants to Hatton Associates, a limited

partnership, in exchange for shares in Hatton. Since the claims and defenses presented are identical, except for the defendants named, the Court will consolidate the actions under Rule 42(a), F.R.Civ.P.

Plaintiff Nutmeg, alleging that it acquired the notes from Hatton in good faith, for value and without notice of infirmity, seeks summary judgment as a holder in due course under N.Y. UCC § 3–302(1).[1] Defendants Jackson and Cowden claim Hatton obtained the notes by fraudulent misrepresentations and challenge Nutmeg's shielded status as a holder in due course.[2]

The undisputed facts are as follows. On November 22, 1978, defendants issued "Full Recourse Negotiable Promissory Notes," "for value received," to Hatton Associates, a Kentucky limited partnership, for $36,000. The notes were payable to two equal installments, with 6% interest, on September 1, 1979, and September 1, 1980. No provision indicated restrictions on negotiability, nor do the instruments appear incomplete, altered or irregular on their face. In January 1979, Nutmeg conducted credit investigations on the defendants and, prior to the established maturity dates, acquired the notes from Hatton for value.

■ Under New York law, the question of plaintiff's holder in due course status does not even arise unless the payor submits proof that a defense to the instrument exists. No further inquiry is required absent such proof: summary judgment is appropriate upon a showing of execution and default. For example, in *Thrift Credit Corp. v. American Overseas Trading Corp.*, 54 A.D.2d 994, 387 N.Y.S.2d 930 (3d Dept. 1976), a financial corporation brought a summary judgment action to recover on promissory notes issued by the two defendants. Attempting to raise a genuine fact issue, defendants asserted that execution was induced by the payee's fraudulent representations and that plaintiff was not a holder in due course. In affirming summary judgment for plaintiff, the court stated:

"The question of whether plaintiff is a holder in due course does not arise until it is shown that a defense does exist capable of being asserted against a mere holder of the notes (*Badische Bank v. Ronel Systems*, 36 A.D.2d 763, 321 N.Y.S.2d 320; Uniform Commercial Code, § 3–307, subd. 3). Therefore, the central issue on this appeal is whether the defendant has raised a triable issue of fact regarding his allegation of fraudulent inducement." 54 A.D.2d at 995, 387 N.Y.S.2d at 931.

Further, the court held that defendants' allegations failed to adequately raise a triable issue where the claim of fraudulent inducement was "not substantiated by documents or other evidentiary showing," and plaintiff's "unambiguous documentary evidence" was not controverted. 54 A.D.2d at 996, 387 N.Y.S.2d at 932.

Similarly, in *Badische Bank v. Ronel Systems, Inc.*, 36 A.D.2d 763, 321 N.Y.S.2d 320 (2d Dept. 1971), the court granted plain-

---

1. The promissory notes stipulated to the governance of New York contract law. N.Y. UCC § 3–302(1) provides:
   "§ 3–302. Holder in Due Course
   (1) A holder in due course is a holder who takes the instrument
   (a) for value; and
   (b) in good faith; and
   (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."

2. N.Y. UCC § 3–305 provides certain protections for holders in due course:
   "§ 3–305. Rights of a Holder in Due Course
   To the extent that a holder is a holder in due course he takes the instrument free from
   (1) all claims to it on the part of any person; and

   (2) all defenses of any party to the instrument with whom the holder has not dealt except
   (a) infancy, to the extent that it is a defense to a simple contract; and
   (b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and
   (c) such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms; and
   (d) discharge in insolvency proceedings; and
   (e) any other discharge of which the holder has notice when he takes the instrument."

tiff's motion for summary judgment upon promissory notes, refusing to reach the issue of plaintiff's holder in due course status because defendant had failed to show that a defense against the instrument existed. The court found that plaintiff had established a prima facie case by showing execution and default, and held that defendant's failure "to submit proof of a defense and to show that the matters set up in his answer are real ... and capable of being established upon a trial," 36 A.D.2d at 764, 321 N.Y.S.2d at 321, *quoting from, Stagg Tool & Die Corp. v. Weisman,* 12 A.D.2d 99, 102, 208 N.Y.S.2d 585, 588 (1st Dept. 1960), justified summary judgment.

■ Defendants have failed to submit proof of defenses which could be asserted against a mere holder but rather submit only affidavits by Jackson and Cowden in which they assert reliance on certain fraudulent misrepresentations made by Hatton and other individuals in issuing the notes. Such conclusory statements without supporting evidence cannot constitute a submission of proof sufficient to substantiate the allegations of fraud.

Defendants erroneously assert that because plaintiff failed to posit the absence of a genuine issue as to the alleged fraud and failure of consideration these issues are admitted to be contested. On the contrary, Rule 9(g), General Rules of the United States District Court for the Eastern District of New York, establishes as admitted the facts set forth in the *movant's* papers not controverted by the *opposing* party. It is the non-movant's duty, under Rule 56, F.R.Civ.P., to show that genuine material fact issues exist, and this defendants have failed to do.

Logically, since defendants have not raised a genuine issue of fact as to their underlying defenses to the instruments, the issue of Nutmeg's holder in due course status becomes immaterial. Assuming *arguendo* that plaintiff cannot claim to be a holder in due course, defendants have not shown any triable issue of fact regarding plaintiff's right to enforce the notes. In the absence of such a showing, the undisputed fact that plaintiff holds negotiable full recourse promissory notes, signed by defendants, for which payment is due, renders summary judgment appropriate. Plaintiff's motion is therefore granted.

SO ORDERED.

The Clerk of the Court is directed to enter summary judgment for plaintiff as against each defendant, and to forward copies of this memorandum and order to counsel for the parties.