OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 
 *847
 
 It has long been settled in this State that absent either an express agreement in the surety bond or inquiry by the surety, a creditor has no duty to keep the surety informed of the debtor’s financial situation
 
 (Bostwick v Van Voorhis,
 
 91 NY 353, 360-362;
 
 Howe Sewing Mach. Co. v Farrington,
 
 82 NY 121, 126-127;
 
 Western N. Y. Life Ins. Co. v Clinton,
 
 66 NY 326, 331;
 
 McKecknie v Ward,
 
 58 NY 541, 553;
 
 Brown v Curtiss, 2
 
 NY 225, 230;
 
 State Bank v McDonnell,
 
 40 AD2d 905;
 
 Stagg Tool & Die Corp. v Weisman,
 
 12 AD2d 99, 103,
 
 affd
 
 10 NY2d 741). Rather, the surety bears the burden of making inquiries and informing itself of the relevant state of affairs of the party for whose conduct it has assumed responsibility
 
 (Bostwick v Van Voorhis,
 
 91 NY 353, 360-361,
 
 supra; Western N. Y. Life Ins. Co. v Clinton,
 
 66 NY 326, 331,
 
 supra; Brown v Curtiss, 2
 
 NY 225, 230,
 
 supra).
 

 Here, then, the State was not obliged to notify Peerless of Parkchester’s persistent failure to meet its financial obligations so as to allow Peerless to cancel the bonds by their terms or forbear from increasing the bonds’ face amounts. Nor was there a duty running from the State to Peerless such as would impose liability on the State for any negligence in continuing to sell tax stamps to Parkchester on credit and accepting uncertified checks as payment for the stamps after several previous checks had been returned for insufficient funds
 
 (Board of Supervisors v Otis,
 
 62 NY 88, 92-93 ["The sureties are not discharged from their obligation by reason of any neglect or omission of duty by the (creditor), or any unfaithfulness or even malfeasance on (the creditor’s) part in (its) dealings with the principal in the bond”]). This is without regard to any statutory duty running from the State to the public
 
 (Looney v Hughes,
 
 26 NY 514, 522;
 
 see, Board of Supervisors v Otis,
 
 62 NY 88, 92-93,
 
 supra; People v Russell, 4
 
 Wend 570).
 

 Defendant misplaces reliance on cases holding that an insured under a fidelity bond must disclose known acts of dishonesty by the designated person
 
 (see, e.g., Atlantic & Pac. Tel. Co. v Barnes,
 
 64 NY 385). The nature of a fidelity bond, in which an insurer agrees to indemnify the insured against loss resulting from the defalcation or negligence of an employee or other person holding a position of trust with the insured, is such that "[i]n demanding security for the honesty of the servant, [the insured] impliedly represents that to his knowledge [the servant] is not dishonest, and the application for security * * * is a 'holding of the servant forth to the sureties
 
 *848
 
 as a trustworthy person’ ”
 
 (Howe Sewing Mach. Co. v Farrington,
 
 82 NY 121, 126,
 
 supra
 
 [quoting
 
 Smith v Bank of Scotland,
 
 1 Dow’s Pari R 272]). As such, these holdings are simply variations of the rule that a guarantee induced by fraudulent misrepresentation or concealment of a material fact is void
 
 (see, Atlantic & Pac. Tel. Co. v Barnes,
 
 64 NY 385, 387,
 
 supra).
 

 Here, in approving the credit and performance bonds that Parkchester obtained from Peerless and thereafter permitting increases in their face amount, the State made no representations, expressed or implied, that it would not extend credit to Parkchester beyond the 30-day period provided in Tax Law article 20 or that it had faith in Parkchester’s financial ability. Further, there is no support in the record for the allegation that the State fraudulently concealed Parkchester’s financial condition. " 'Bald conclusory assertions * * * are not enough’ ”
 
 (Ehrlich v American Moninger Greenhouse Mfg. Corp.,
 
 26 NY2d 255, 259 [quoting
 
 Kramer v Harris,
 
 9 AD2d 282, 283]) to defeat a motion for summary judgment. Indeed, the insufficiency of Peerless’ claim of fraudulent concealment is made manifest by the fact that they never even inquired of the State about the financial status of Parkchester during the period that the bonds were in effect, thus demonstrating that there could not have been any reliance, an essential ingredient in a fraud claim.
 

 The interpretation of the bonds, which were unambiguous and unconditional, presented only questions of law properly determined by the Appellate Division in granting the State’s motion for summary judgment
 
 (see, General Phoenix Corp. v Cabot,
 
 300 NY 87).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order affirmed, with costs, in a memorandum.