OPINION OF THE COURT
Lawrence E. Kahn, J.
Plaintiff seeks relief pursuant to CPLR 3213, having moved *270 for summary judgment in lieu of a complaint against the above-named defendants, asserting default in the payment of five promissory notes for sums approaching $800,000. Defendants have cross-moved pursuant to CPLR 3211, seeking dismissal upon the grounds that the court lacks in personam jurisdiction. Defendants’ submissions do not address the merits of the controversy. Rather, they seek an extension pursuant to CPLR 3211 (f) to address same in the event that the court denies the cross motion.
Initially, while the court is cognizant of Key Bank v Puliafico (97 AD2d 966), it is of the opinion that CPLR 3211 (f) has no applicability to motions for summary judgment in lieu of complaint pursuant to CPLR 3213. The latter specifically envisions an expedited process and the absence of pleadings. The former operates only to extend the time for service of a responsive pleading. Since no such pleading is envisioned by CPLR 3213, CPLR 3211 may not be utilized to avoid addressing the merits on the initial return of the motion. However, this does not bar defendants from asserting jurisdictional objections. "If defendant claims that the court lacks jurisdiction of his person, as where the summons was served in an unauthorized manner * * * he may so urge in his opposing papers and the court would of course have to consider his objection.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3213:15, p 841.) Indeed, the Appellate Division of this Department has affirmed the proposition that upon a motion pursuant to CPLR 3213 "[t]he defendant is required to assemble, lay bare, and reveal his proofs in order to show that his defenses are real and capable of being established upon a trial” (Thrift Credit Corp. v American Overseas Trading Corp., 54 AD2d 994, 995). The keystone of CPLR 3213 is an expeditious method for resolving litigation premised upon judgments and instruments for the payment of money only.
With respect to the issue of in personam jurisdiction, it is abundantly evident that defendants are no strangers vis-á-vis plaintiff’s allegation. Indeed, an identical action has previously been dismissed on consent and without prejudice upon plaintiff’s failure to provide defendants with the requisite period of time prior to the return of the application. Defendants now assert that plaintiff’s attempt to effect personal service in the second action is also insufficient. The affidavits submitted in support of this contention do not sustain defendants’ burden.
*271 The affidavit of defendant’s spouse indicates that plaintiffs process server appeared at the family residence on or about March 19, 1986 and requested to speak with Mr. Sperrazza. Despite defendant’s acknowledged presence in the house, and a wait of approximately 30 minutes, the process server was denied access to defendant. On March 21, 1986, defendant acknowledges that he was confronted by the process server in his driveway, but that he attempted to avoid communication, would not lower his window nor stop his car. He asserts that although his driveway was partially blocked by the process server’s vehicle, he "managed to drive off my property, while the individual pursued me on foot”. He also acknowledges that the process server "attempted to place something on or about the windshield of my car”. The respective affidavits are not in agreement concerning whether the summons was actually affixed under defendant’s windshield wiper. However, that, in and of itself, is not sufficient to raise a triable issue with respect to defendants’ cross motion.
Upon the prior history of the interaction between the parties, and the events giving rise to the question of in personam jurisdiction, it is patently evident that plaintiffs process server has effected service sufficient to acquire personal jurisdiction over these defendants. It is clear that Mr. Sperrazza was acutely aware of efforts to commence this proceeding. His skill at avoiding service is only superseded by his recalcitrance vis-á-vis the merits of plaintiffs application. However, upon the submission before the court, accepting defendants’ allegations of fact as explicitly correct, jurisdiction has been acquired pursuant to CPLR 308 (1) (Siegel, NY Prac § 66, at 67).
The cross motion for an order directing dismissal upon jurisdictional grounds shall be denied. Although CPLR 3211 (f) is inapplicable to this action, given the substantial nature of the relief requested, the court shall afford defendants five days from service of an order in conformance herewith in which to address the merits of plaintiffs motion (CPLR 2004).