■ CHASE LINCOLN FIRST BANK, N. A., Appellant, v MARK HOMES, INC., Defendant, and RONALD ZEMKE et al., Respondents.—Order unanimously reversed on the law without costs and motion granted. Memorandum: In an action premised, in part, upon personal guarantees executed by defendants Zemke and Bliss, plaintiff seeks to recover the amount due on a promissory note executed by Zemke as president of defendant Mark Homes, Inc. Supreme Court denied plaintiff's motion for summary judgment against the individual guarantors and plaintiff appeals.

We reverse and grant the motion. Plaintiff met its burden to establish its cause of action "sufficiently to warrant the court as a matter of law in directing judgment" in plaintiff's favor (CPLR 3212 [b]). Both defendants acknowledged that they had executed the personal guarantees and neither defendant submitted evidence sufficient to require a trial of any issue of fact.

Defendant Zemke seeks to avoid enforcement of his guarantee by averring that he failed to read the document before signing it, that he was never informed that he was signing a personal guarantee and that the legal implications of the document were never explained to him. Such allegations are insufficient to defeat plaintiff's motion *(see, Marine Midland Bank v Idar Gem Distribs.,* 133 AD2d 525, 526).

Defendant Bliss attempts to show that her signature on the personal guarantee was procured by fraud or mistake. "The concealment which will avoid a guarantee must be a fraudulent one; if not fraudulent in fact or in law, the defense is not made out" *(Security Natl. Bank v Compania Anonima De Seguros,* 21 Misc 2d 158, 161, *affd* 10 AD2d 872). Her averments that she was not informed by plaintiff's representative that the document at issue was a personal guarantee, but was led to believe that it was an application for a line of credit,

are insufficient to defeat plaintiff's motion. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.