■ MARUBENI AMERICA CORPORATION, Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Appellants. [721 NYS2d 6] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered January 14, 2000, in favor of plaintiff and against defendants in the principal amount of $10,657,400, and bringing up for review an order, same court and Justice, entered January 12, 2000, *inter alia*, granting plaintiff's motion for summary judgment upon its cause for breach of contract under a payment bond, and order, same court and Justice, entered July 18, 2000, denying defendants' motion to renew, unanimously affirmed, with costs. Appeal from the order entered January 12, 2000, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Defendant sureties' theory of a conspiracy between plaintiff, the claimant/equipment supplier on a payment bond, and the nonparty owner to forgo payment of receivables by the contractor and to engineer a payment bond claim, is refuted by the fact that plaintiff began preparing its payment bond claim one month before the conspiracy is alleged to have been hatched, and by the fact that the receivables had already been exhausted by that point. Plaintiff's attempts to secure payment from the owner before making the claim actually indicate plaintiff's good faith, not any conspiratorial motives.

Plaintiff did not materially alter any of the agreements

underlying the bonded transaction, and, in any event, the sure-ties had expressly waived in the bond notice of any alterations.

There was no obligation in the bond requiring plaintiff to take steps to preserve the contractor's collateral, and thus plaintiff's failure to take various actions advocated by the sure-ties on appeal does not absolve the sureties of their payment obligations under the bond (*see, State of New York v Peerless Ins. Co.*, 67 NY2d 845, 847; *Board of Supervisors v Otis*, 62 NY 88, 92-94).

The sureties agreed to bond payment of, not only the actual cost of the equipment sold by plaintiff to the contractor on an installment basis, but also the interest and fees thereon, and thus remain liable for such amounts.

The sureties admit knowing of the "newly discovered" evi-dence as early as 1996, and thus such evidence is not a proper basis for renewal. In any event, the evidence does not establish the existence of a conspiracy between plaintiff and the owner. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Fried-man, JJ.