JOSEPH B. HANDY, Respondent, *v.* LEMUEL C. BUTLER and AVERY A. MATHESON, Appellants.

Second Department, March 15, 1918.

Appeal — Code of Civil Procedure, § 1344 — when second appeal from Appellate Term to Appellate Division allowed.

The provision of section 1344 of the Code of Civil Procedure as to allowance of an appeal from the Appellate Term to the Appellate Division is permissive only.

A justice of the Appellate Division should not allow a second appeal from the Appellate Term unless the case (1) has settled a principle that may affect the decision in numerous other cases, or (2) conflicts directly with one of this court or of the Court of Appeals, or (3) construes or interprets a public statute, or (4) affects a large public interest or is of public importance, or (5) presents a question that is new so far as the decisions of this State are concerned. Questions of evidence, although novel, will not ordinarily justify the allowance.

MOTION for leave to appeal to the Appellate Division from an order and determination of the Appellate Term of the Supreme Court.

*Newborg & Callan,* for the motion.

*Hobart S. Bird,* opposed.

JENKS, P. J.:

In view of the many applications under section 1344 of the Code of Civil Procedure for allowances of an appeal from

the Appellate Term to the Appellate Division, I shall state the general principles which determine such applications.

The right of an appeal has been recognized uniformly by the Legislature as " Our law considers it an essential right of a suitor to have his cause examined in tribunals superior to those in which he considers himself aggrieved." (*Yates* v. *People,* 6 Johns. 364.) But there is no constitutional guaranty of that right. (*People* v. *Dunn,* 31 App. Div. 145; affd., 157 N. Y. 528; *Leach* v. *Auwell,* 154 App. Div. 170.)

Our law does not recognize the right of a second appeal, although the Legislature has afforded such an appeal in some instances. In the most notable instance — an appeal from this court to the Court of Appeals — it is significant that such remedy has been declared to rest in necessity, not right. In the explanatory statement of the judiciary committee of the Constitutional Convention of 1894, that accompanied the judiciary article, it is said that, inasmuch as the volume of business necessitates the division of the Appellate Division into four separate tribunals, it is deemed necessary that there should be a superior court to settle the law; and the committee continues: " It is this necessity alone which justifies the existence of a Court of Appeals superior to the appellate tribunals which first review the decision of trial courts. But for this the whole difficulty could readily be solved by abolishing the Court of Appeals, allowing only one appeal, and constituting four strong appellate courts whose judgments should be final." (Revised Documents, p. 199.)

The Legislature, when it afforded a second appeal in the Supreme Court, made a further departure. We had said in *Manheim* v. *Seitz* (36 App. Div. 352): " The appellant's contention would secure to him the benefit of two appeals in the Supreme Court, a thing unknown to our jurisprudence."

The provision of section 1344 for appeals to this court is permissive only. (*Lesster* v. *Lawyers' Surety Co.,* 50 App. Div. 185.) Inasmuch, then, as the applicant has been afforded an appeal to a tribunal of the Supreme Court and has had the propriety of a further appeal to this court passed upon by the members of that tribunal (or, if not, has not sought such permission), a justice of this court should not allow

the further appeal in a perfunctory way or as a matter of course. Any appeal is necessarily the law's delay. Much of the litigation in the Municipal Court is of a character that makes a delay of justice almost a denial of justice. One of the principal reasons for the setting up of the Municipal Court, with its prompt procedure, is to afford speedy determination of the claim of the needy man.

I have considered the principles that were determinative with other courts in consideration of applications somewhat similar, and, so guided somewhat, I have reached the conclusion that a justice of this court should not allow a second appeal unless the case (1) has settled a principle that may affect the decision in numerous other cases, or (2) conflicts directly with one of this court or of the Court of Appeals, or (3) construes or interprets a public statute, or (4) affects a large public interest or is of public importance, or (5) presents a question that is new so far as the decisions of this State are concerned. Questions of evidence, although novel, will not ordinarily justify the allowance. The present application does not present any feature that justifies the allowance of a second appeal, and the application is denied, with ten dollars costs.

Application denied, with ten dollars costs.