Richard T. Thompson, Plaintiff, *v.* Lakewood City Development Company, Defendant.

(Supreme Court, Kings Trial Term, January, 1919.)

Bonds — when action on, may be brought in this state — corporations.

Bonds of a domestic corporation executed in this state were secured by a mortgage upon real property in a sister state, which property was conveyed under a trust agreement to a

domestic trust company, the registrar of the bonds. *Held,* that the obligee could maintain. an action in this state to recover on the bonds and that it was no defense that under a statute of the state in which the mortgaged property is situated, the remedy would have been to first foreclose the mortgage.

Action to recover the amount of several bonds.

John L. Farrell, for plaintiff.

Frank E. Loughran, for defendant.

Van Siclen, J.   This action is brought to recover the amount of several bonds issued by the defendant and owned by the plaintiff.   The defendant is a New York corporation which issued a series of bonds secured by a mortgage covering real estate situated in the state of New Jersey.   The bonds were executed in New York, and while the land given as security was situate in New Jersey, it was conveyed under a trust agreement to a New York trust company, which was the registrar of said bonds as well as trustee thereunder.   The interest on the bonds was payable at the office of said trust company in New York.

The defendant has pleaded as a defense a statute of New Jersey, which provides " that in all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises shall not sell for a sum sufficient to satisfy the debt, interest and costs, then, and in such case, it shall be lawful to proceed on the bond for the deficiency   *   *   *" and then providing that such action must be brought within six months.

The obligee has not in this case attempted to foreclose the mortgage, but has proceeded in the first instance on the bond itself, so that if the statute is applicable, it would be a bar to this action. The plaintiff demurred to this defense, and the demurrer was sustained at Special Term. The defendant appealed from the order sustaining the demurrer, and the principal contentions of the plaintiff on the appeal seem to have been the insufficiency of the defense, and that the order without an interlocutory judgment was not appealable. Although it was of prime importance to know upon which ground the order was affirmed, the Appellate Division saw fit to merely affirm, without opinion, and consequently the mooted question is left as much in the dark as it ever was. The trial court was unable, therefore, to eliminate that defense from the proof, and the question of its sufficiency must be passed upon *de novo.*

The defendant claims that *Stumpf* v. *Hallahan,* 101 App. Div. 383; affd., without opinion, 185 N. Y. 551, and *Hutchinson* v. *Ward,* 192 id. 375, establish the sufficiency of its defense. A careful reading of these cases does not bear out the claim. In the former case the obligee resided in New Jersey; the bond was secured by a mortgage on New Jersey lands; the bond itself referred to the laws of New Jersey relating thereto; the obligee actually foreclosed the mortgage in New Jersey, and the bond was held to be payable in New Jersey. The action in question was brought nearly three years after the foreclosure to recover a deficiency arising out of the foreclosure. The court held that the laws of New Jersey rather than the laws of New York governed the situation, and that the six months' Statute of Limitations provided by the New Jersey statute was a bar to the action, especially because certain remedies by way of redemption open

to the mortgagor were by the same statute limited to a similar period.

In the *Hutchinson* case the facts were similar to that of the *Stumpf* case, except that the action for the deficiency was brought within the six months' period, but was brought in a New York court instead of a New Jersey court, where defendant contended it should be brought.

Judge Gray, writing for the Court of Appeals, said: " I find nothing in the New Jersey statute, expressly or by reasonable implication, which operates to confine the pursuit of the obligee's remedy upon his bond to the courts of that state."

Hence, neither of these decisions assists materially in the determination of the question here, to wit, whether plaintiff's remedy in the first instance is governed by the laws of New York or New Jersey.

It may be observed that there are five general rules respecting the law of place which we may regard as settled: *First,* all matters bearing upon the execution, interpretation and validity of contracts, including the capacity of the parties to contract, are determined by the law of the place where the contract is made; *second,* all matters relating to its performance are regulated by the place where by its terms the contract is to be performed; *third,* if no place of performance is mentioned in the contract, it is presumed that the parties intended it to be performed where it was made; *fourth,* contracts referring to the transfer of title to land are governed by the law of the place where the land is situated; *fifth,* all matters respecting the remedy to be pursued, including the bringing of the suit, the procedure, etc., depend upon the law of the place where the action is brought. *Union Nat. Bank* v. *Chapman,* 169 N. Y. 538; *Stumpf* v. *Hallahan, supra.* With these rules in view, it would seem, therefore, that the

law of New York rather than the law of New Jersey was controlling in the case at bar, because (1) this bond was made in New York, (2–3) the interest on the bond and apparently the principal were payable in New York, (5) the action was brought in New York, where plaintiff had a right to bring it unless the New Jersey statute so controlled him as to require a foreclosure action first. To this may be added the fact that the bond is a common-law obligation enforceable without the aid of statute and not, as observed in the *Hutchinson* case (p. 381): "some peculiar liability, or remedy, created by a foreign state."

It is undoubtedly true that if plaintiff resorted to the courts of New Jersey in the first instance he would be compelled first to foreclose the mortgage, because the statute of New Jersey has dictated the manner in which he may pursue his remedy in its courts. But as he has seen fit to pursue his remedy at common law in this state, where there is no such dictation or limitation (as it must be conceded he has a right to do), then the plaintiff must be afforded the remedy he seeks.

Both parties having moved for direction of verdict, the court directs verdict in favor of plaintiff for $6,181.06, representing principal and interest.

Judgment accordingly.