opinion. Jenks, P. J., Putnam, Kelly and Jaycox, JJ.,red; Blackmar, J., not voting.

RICHARD T. THOMPSON, Respondent, v. LAKEWOOD C₁ELOPMENT COMPANY, Appellant.— Judgment and order affirmed,₃osts. No opinion. Mills, Rich and Kelly, JJ., concurred; Jenks, P. Jaycox, J., voted for reversal upon the ground that under the statu\e State of New Jersey,* where the mortgaged premises are situatedrse should first be had to the mortgaged premises.

*Decisions by the Presiding Justice upon Applications to l from the Appellate Term.*

MORRIS GETTELSON, etc., Respondent, v. MORRIS RATK Another, Copartners, etc., Appellants.— Application denied, with tlars costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

PEASE PIANO COMPANY, Appellant, v. FLORENCE ZABENondent.— Application denied, with ten dollars costs. (See *Handyutler*, 183 App. Div. 359.)

MAX RESNICK, an Infant, etc., Respondent, v. ISRAEL KₑR, Appellant. MAX RESNICK, Respondent, v. ISRAEL KOERNERₒellant.— Application denied, with ten dollars costs. (See *Handy tler*, 183 App. Div. 359.)

---

## FOURTH DEPARTMENT, JULY, 1919.

ORANGE A. GREEN, as Trustee in Bankruptcy of BLAINE G₀OK and Others, Appellants, *v.* NEW YORK CENTRAL AND HUDSON R₁VAILROAD COMPANY, Respondent.

*Railroad — duty to keep culvert free.*

Appeal from a judgment of the Supreme Court in favor of t₁endant, entered in the Monroe county clerk's office on the 8th day of ₁h, 1918, upon the verdict of the jury made on direction of the court.

Judgment and order affirmed, with costs. All concurred, exc₁ambert, J., who dissented in a memorandum; Hubbs, J., not sitting.

LAMBERT, J. (dissenting): The defendant dug a ditch and co₁d water therein. To take care of the water so collected and other w it built a culvert under its tracks. The jury would have been justified iding the following facts: that the culvert was constructed in a defective aegligent manner; that defendant permitted the culvert to become clo₁so that very little water could pass through it, and that the defendant hotice of such condition; that the culvert, even in its defective conditionld have carried off sufficient water to have prevented the flooding daintiffs'

---

* See N. J. Laws of 1880, p. 255, chap. 170, § 2, as amd. byJ. Laws of 1881, p. 184, chap. 147; 3 Comp. Stat. N. J. 3421, § 48; ₁pson v. *Lakewood City Development Co.* (105 Misc. Rep. 680, 681).— [RE: