JULIUS M. HANSER, Appellant, v. E. MARION TOUSSAINT and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

ALIDA HURD, as Executrix, etc., of JEHIEL T. HURD, Deceased, Respondent, v. HERMAN B. VAN CLEVE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KATHLEEN L. MULLINS, Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

ANNA H. SIEGEL, Respondent, v. LOUIS SIEGEL, Appellant.— Orders affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

LULU WHITE, Formerly LULU FANNING, Respondent, v. JOHN W. FANNING, JR., Appellant.— Whether or not the plaintiff by her remarriage has submitted to the jurisdiction of the Georgia court and accepted its decree, still at the date of that decree there was alimony due from the appellant under the judgment of the Supreme Court justifying the appointment of a receiver under section 1772 of the Code of Civil Procedure. Order affirmed, with ten dollars costs and disbursements. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

*Decision by the Presiding Justice on an Application to Appeal from the Appellate Term.*

DAVID ROSENSON, Appellant, v. RUBIN MEINBERG, Respondent.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

---

## FOURTH DEPARTMENT, DECEMBER, 1920.

WILLIAM WRIGHT, Appellant, *v.* TOWN OF WILMURT, Respondent.

*Appeal — dismissal of — when attorney lacks authority to accept service of notice of appeal — calendar practice.*

Appeal from an order of the Supreme Court, made at the Herkimer Trial Term and entered in the Herkimer county clerk's office on the 26th day of November, 1919.

PER CURIAM: We decline to hear this appeal for the reason that if the defendant is legally dead and the action has abated, the action was properly stricken from the calendar; if not, the plaintiff should have moved to vacate the order upon notice to the defendant or its legal successor, as the order was made *ex parte*, without notice or hearing to defendant. The notice of appeal is directed to the attorneys for the defendant, but they have no