the Court of Special Sessions and order affirmed. No opinion. Rich, Putnam, Blackmar, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Appellant, on Complaint of MARY MORRIS, v. JOHN F. MORRIS, Respondent.— Order of June 30, 1920, modified by increasing the amount to be paid weekly to the sum of fourteen dollars, and as thus modified affirmed, without costs. Order denying motion to resettle order of June 30, 1920, affirmed, without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WOLF GILMAN, Appellant, v. JAMES W. TUOMEY, Clerk of the Seventh District Municipal Court of the City of New York, Borough of Brooklyn, Respondent.— Order affirmed, with ten dollars costs and disbursements. (See *People ex rel. Rayland Realty Co., Inc.*, v. *Fagan*, 194 App. Div. 185.) Jenks, P. J., Mills, Rich and Jaycox, JJ., concur; Blackmar, J., dissents.

*Decisions by the Presiding Justice on Application to Appeal from the Appellate Term.*

BERNARD GRAY, an Infant, by HARRY B. GRAY, His Guardian ad Litem, Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

ISIDORE KAYFETZ and HARRY BLICKSTEIN, Copartners, Respondents, v. LEON MARCUS, Appellant.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

MICHAEL C. O'BRIEN and ISRAEL MANDEL, Respondents, v. B. N. Y. REALTY COMPANY, Appellant.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

PEARL ROSENSTEIN, Appellant, v. NOAH CLARK, INC., Respondent.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

TERESA SULLIVAN, Agent, etc., Respondent, v. WILLIAM W. OPPERMANN, Appellant.— Application denied, without costs. (See *Handy* v. *Butler*, 183 App. Div. 359.)

---

THIRD DEPARTMENT, FEBRUARY, 1921.

MICHAEL J. CALLANAN and Another, Appellants, *v.* THE STATE OF NEW YORK, Respondent.

*Court of Claims — jurisdiction.*

Judgment affirmed, with costs. All concur, except Kiley, J., dissenting, with a memorandum in which Woodward, J., concurs.

KILEY, J. (dissenting): The Laws of 1918, chapter 607, section 1, provide that, notwithstanding section 264 of the Code of Civil Procedure, the Court of Claims is authorized *to hear, audit and determine all* claims arising during the performance of any public contract or contracts for the construction of public works to which the State or any department, or commission thereof, is a party, because of a change, during performance, and subsequent to the