SIDNEY KRAMER, Respondent, *v.* AL HARRIS, Appellant.

First Department, December 8, 1959.

*Samuel Slote* for appellant.

*Martin M. Berger* of counsel (*Herbert Kramer* with him on the brief; *Berger & Kramer,* attorneys), for respondent.

*Per Curiam.* Special Term properly granted plaintiff's motion for summary judgment in this action to recover on a loan for $10,000.

Concededly, plaintiff, a friend of defendant, advanced the sum of $10,000 following a conversation with defendant and the latter's wife. The loan took the form of two checks each in the amount of $5,000 payable to defendant, one of which defendant admits indorsing. Concededly, both checks found their way to one Ben Cohen, a Florida lawyer, where they were applied to the benefit of defendant in a Las Vegas hotel syndicated investment. Concededly, Ben Cohen sent a letter to plaintiff reciting the loan from plaintiff to defendant and saying that he would hold the syndicate debentures allocable to defendant to secure the loan to defendant. Plaintiff wrote defendant a letter in Florida, at defendant's place of sojourn, asking for payment. To this, plaintiff received a response, bearing defendant's name, which acknowledged receipt of plaintiff's letter and stated that defendant would like to send plaintiff some money but that at the present time it was impossible as defendant was '' out of action.''

Defendant, as noted, admits indorsing one of the two checks and also admits that the proceeds went to Ben Cohen to be applied to his benefit in the Las Vegas venture. So long as defendant admits indorsing one check, there is no special significance in his denial of having indorsed the other. At the same time he asserts that he gave the indorsed check to his wife and that she delivered the two checks to Ben Cohen, which is still completely consonant with a loan from plaintiff to defendant.

Defendant's explanation of these facts, most of which are undisputed, is to stress that one of the checks was not indorsed by him, and that the letter attributed to him was neither signed nor authorized by him. He also says the loan was made to his now estranged wife. To further explain this, he claims that from time to time he deposited his own funds with his wife and that she borrowed from plaintiff to repay him. In nowise is there any detail supplied of the circumstances or conversations of the transaction. There is no explanation about the arrangements for securing the loan by the debentures, which arrangements were never fulfilled. Defendant does not say how much he deposited with his wife, how much she owed him at the time of this transaction, or why she was not able to repay to him his own funds; nor has he made any effort to have her made a party to this action.

Defendant, although he admits receiving a letter from plaintiff, offers not the slightest explanation as to how plaintiff received the response he did to plaintiff's dunning letter addressed to him. Moreover, defendant's only explanation as to why Ben Cohen's letter refers to the loan as being made to him, and not to his wife, is that Mr. Cohen must have obtained this information from defendant's wife, with whom defendant was then allegedly having marital difficulties.

Defendant's tenuous effort at issue creation implemented by incredible conclusory facts and gross assertions of coincidental forgeries is not sufficient to defeat summary judgment (*Richard* v. *Credit Suisse*, 242 N. Y. 346, 350; *Hanrog Distr. Corp.* v. *Hanioti*, 10 Misc 2d 659 [Shientag, J.]). After reading all of defendant's submission there remains only a mystery as to what actually happened, instead of a contradictory factual version which would support defendant's contentions. It is not enough that a defendant deny a plaintiff's presentation in summary judgment. He must state his version, and he must do so in evidentiary form (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386, 395; *Dodwell & Co.* v. *Silverman*, 234 App. Div. 362). This is what is lacking in this case.

The purpose of summary judgment procedure is to search out the evidentiary facts and determine the existence of an issue from them. Bald conclusory assertions, even if believable, are not enough. Bald conclusory assertions, which defy reality and are inconsistent with the pattern of events, are even less so.

Accordingly, the order granting plaintiff summary judgment should be affirmed, on the law and the facts, with costs to plaintiff-respondent.

VALENTE, J. (dissenting). Plaintiff sues to recover $10,000 which he claims to have loaned to defendant on January 31, 1955, to be repaid before April 1, 1956 at 6% interest. Despite the denial by defendant that a loan was made to him, plaintiff was granted summary judgment by Special Term on the ground that the denial "is flatly contradicted by the documentary evidence submitted by plaintiff". I must dissent from the affirmance of the summary judgment because I do not find that the evidence adduced in plaintiff's affidavits dissipates the bona fide issues posed by defendant's denials and the averments in his affidavits.

The alleged loan had its genesis in two checks of $5,000 each which plaintiff claims he delivered to defendant in the presence of the wives of the parties and one Ben Cohen, a Florida attorney. One of those checks was made by plaintiff's brother-in-law and the other by plaintiff. Plaintiff sues for the full $10,000 because he alleges he paid $5,000 to his brother-in-law. Although made out to defendant, the checks were deposited in the account of Ben Cohen's secretary. As to one of these checks defendant avers that the indorsement of his name thereon is a forgery.

Plaintiff has produced a letter written by Ben Cohen to plaintiff, almost two weeks after the making of the alleged loan, in which there is reference to a loan of $10,000 to defendant and that Cohen had been instructed by defendant to hold certain debentures as security. Special Term found in that letter "overwhelming proof that there was such a loan". However, defendant denies that he ever instructed Ben Cohen to write the letter. Cohen, in a deposition in a related Florida action, swore that at the time he wrote the letter "it was my understanding that this money was being loaned to Mrs. Harris and not Mr. Harris". Cohen also confirmed defendant's contention here that the money represented by the two checks was not plaintiff's money but that of Mrs. Harris.

It is apparent that Cohen's letter does not have the conclusive demolishing effect given to it by Special Term. Only upon a trial can the facts as to the circumstances surrounding the writing of that letter be fully explored. So, too, only upon a trial can defendant's claim that the $10,000 was advanced by his wife, and not the plaintiff, be determined. If indeed, it was defendant's wife who advanced the money to enable defendant to purchase an interest in a hotel, defendant may urge that the advance was merely a return of part of the gifts he had theretofore given her.

Enough has been said to indicate that this is not a case where a reluctant debtor is seeking to delay recovery by interposing

a sham denial of a loan in a suit by a creditor. We are not called upon to weigh the evidence upon a motion for summary judgment but solely to find if any triable issues are presented. (*Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 404.) The record seems veritably to bristle with issues which should not be determined on affidavits.

Of particular significance — since it bolsters defendant's assertions that plaintiff's apparently innocuous suit on a loan is not what it seems to be — is plaintiff's own equivocal conduct in the commencement of an action in Florida on the same loan sued on in this State. While in the instant suit the loan is alleged to be a time loan payable on April 1, 1956 at 6% interest, in the pending Florida action plaintiff alleges it was a demand loan at 10% interest. Plaintiff has not sufficiently explained this strange metamorphosis.

This is clearly not a case for summary judgment.

BOTEIN, P. J., BREITEL, RABIN and M. M. FRANK, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents and votes to deny summary judgment in opinion.

Order and judgment entered thereon affirmed, with $20 costs and disbursements to the respondent.