Elsa Rosenberg, Respondent, *v.* Edwin R. Rosenberg, Appellant.

First Department, October 19, 1965.

*Samuel Lawrence Brennglass* for appellant.

*Patricia Hatry* of counsel (*Davis, Gilberg, Levine & Schwartz,* attorneys), for respondent.

*Per Curiam.* By order, dated August 12, 1965, defendant was granted leave to appeal to this court from a determination of the Appellate Term, First Department, reversing a judgment in favor of defendant after trial in the Civil Court, New York County, and directing judgment in favor of plaintiff. The opinion of the Appellate Term is reported in *Rosenberg* v. *Rosenberg* (46 Misc 2d 693). However, such grant of leave to appeal was conditioned on defendant's posting security in the sum of $7,000 to cover any judgment and costs in the event the judgment was affirmed. Upon failure to post such security the motion for leave to appeal would be denied.

On this motion for reconsideration or resettlement of our order, defendant seeks to eliminate the said condition and urges that the imposition of a condition for leave to appeal is contrary to enlightened public policy and violates defendant's constitutional rights. We have concluded that this court unquestionably has the power to impose conditions upon granting leave to appeal from the Appellate Term, and that our exercise of that power was merited by the facts of this case.

Under former section 3 of article VI of the New York State Constitution — in effect before September 1, 1962 — and subdivision 1 of section 623 of the Civil Practice Act, an appeal

from the Appellate Term could be allowed "whenever in the opinion of either [this court or the Appellate Term] a question of law or fact is involved which ought to be reviewed". Section 3 of article VI was repealed and replaced by section 8 of article VI which omits any reference to appeals from the Appellate Term to this court. Provision for such appeals now appears in CPLR 5703 (subd. [a]) which reads: "An appeal may be taken to the appellate division, from an order of the appellate term which determines an appeal from a judgment or order of a lower court, by permission of the appellate term or, in case of refusal, of the appellate division."

The elimination of the constitutional provision and the omission in the CPLR of the language "whenever in the opinion of either a question of law or fact is involved which ought to be reviewed" in no way limited or expanded the power of this court to determine whether leave to appeal should be granted. Now, as before, the granting or denial of leave to appeal rests solely in our discretion. No criteria are set out in the statute that must be followed. Some of the pertinent considerations were discussed in *Handy* v. *Butler* (183 App. Div. 359, 361). In the exercise of our discretionary jurisdiction, there is always the paramount consideration whether the interests of justice call for our review of the particular case.

In the instant litigation, it appeared that a question of novel impression warranted favorable treatment of the application for leave to appeal; but the affidavits demonstrated that plaintiff's difficulty in collecting upon her judgment would be increased with the passage of time in processing any appeal. If eventually successful in this court, plaintiff could possibly be obtaining only a pyrrhic victory. Under all the circumstances, we deemed that a proper exercise of discretion called for conditioning the grant of leave to appeal on the posting of security for the collection of the judgment.

We confirm our power to impose such a condition. A similar power was exercised in *Canrock Realty Corp.* v. *Vim Elec. Co.* (258 App. Div. 1067) where the Appellate Division in granting leave to appeal to the Court of Appeals on a certified question conditioned such grant on the posting of security.

The motion for reconsideration or resettlement should therefore be denied.

RABIN, J. P., VALENTE, McNALLY, STEVENS and STEUER, JJ., concur.

Motion for reconsideration or resettlement denied, with $10 costs.