■ ALLIED EQUIPMENT CORPORATION, Appellant, v ART-LLOYD METAL PRODUCTS CORP. et al., Respondents, et al., Defendant.—In an action by the buyer for specific performance of agreements to sell a business, etc., and for damages, plaintiff appeals from an order of the Supreme Court, Nassau County, dated August 16, 1974, which denied its motion for summary judgment against all defendants except Kaufman. Order affirmed, with $20 costs and disbursements. No opinion. Hopkins, Acting P. J., Cohalan, Brennan and Munder, JJ., concur; Shapiro, J., dissents and votes to reverse and to grant the motion, with the following memorandum: I fail to see any real issue of fact in this case. Between 1971 and 1973 defendants, through various newspaper advertisements, offered all of the stock or assets of defendant Art-Lloyd Metal Products Corp. for sale. In response to one of the advertisements plaintiff, by its agent, contacted defendants and thereafter for a period of about three months negotiated with respect to the terms of a possible purchase. An agreement was finally reached between the parties, after which defendants' attorneys prepared a contract which covers 34 pages of the record on appeal and the contract was signed by the buyer and seller on November 14, 1973. Pursuant to the terms of the contract $100,000 was deposited in escrow with defendants' attorneys, and the $1,515,000 remainder of the purchase price was to be paid on the closing date, December 14, 1973. Without going into the details, it suffices to say that in my opinion plaintiff established (1) the invulnerability to attack of the contract drawn by defendants' own attorneys, (2) that there is no genuine issue of fact and (3) that the efforts of the respondent defendants to defeat plaintiff's motion rest upon purely conclusory assertions without the interposition of a single material evidentiary fact. Plaintiff should therefore have been awarded summary judgment *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Where in a case such as this a cause of action rests upon documentary evidence the authenticity of which is not disputed by any factual showing, the purpose of the summary judgment rule is defeated if we sanction a denial based upon bald unsupported conclusory allegations of fraud *(Gould v McBride,* 36 AD2d 706). In this case the affidavits in opposition to plaintiff's motion are completely barren of any proof tending to negate plaintiff's causes of action. The respondent defendants have failed to produce any proof to support their conclusory claim of fraud, an obligation which the law places upon them and in default of which their opposition to plaintiff's motion for summary judgment should not have gained acceptance by the court *(Kramer v Harris* 9 AD2d 282).