■ STERLING NATIONAL BANK & TRUST COMPANY OF NEW YORK, Appellant, v I. S. A. MERCHANDISING CORP. et al., Defendants, and NAT SCHLESINGER et al., Respondents. — Order, Supreme Court, New York County (Sinclair, J.), entered August 25, 1981, granting plaintiff's motion to renew and reargue a prior order entered May 13, 1981, which had denied plaintiff's motion for summary judgment in an action on guarantee with regard to defendant-respondent Louis Kestenbaum, and upon renewal and reargument adhered to the prior decision, modified, on the law, with costs, and the plaintiff's motion for summary judgment is granted. The defendant-respondent Louis Kestenbaum, president of I. S. A. Merchandising Corporation (ISA), was one of

several officers of that corporation who signed a "Guaranty Of All Liability And Security Agreement", in connection with a successful application to plaintiff Sterling National Bank & Trust Company of New York (Sterling) to extend to ISA a $200,000 line of credit. The procedure followed was for ISA, on receipt of each advance, to deliver to Sterling discounted promissory notes payable in the amount of the advance. The $200,000 limit was quickly reached and thereafter reduced over a period of time, so that when there occurred the default giving rise to this action, the amount owing by ISA was $134,000. Sterling moved for summary judgment for that amount in this action against Kestenbaum based on his guarantee. Special Term denied the motion on the basis, as amplified in the opinion responding to the motion to renew and reargue, that factual issues were presented by the respondent's claim that he had been deceived into signing the guarantee agreement without understanding the nature of the document, and that he had in any event revoked his guarantee shortly after signing it. We disagree and accordingly modify the order appealed from and grant plaintiff's motion for summary judgment. The respondent claims that he signed what was clearly captioned a "Guaranty Of All Liability And Security Agreement" without understanding the character of the document. He asserts that he was accompanied by another officer of ISA to the bank on the understanding that they were to open a bank account. He imputes a deliberate purpose to deceive to his fellow officer, and speculates that the bank's officer was aware of this deception. These allegations are wholly insufficient to establish a viable legal defense. The basic controlling principle was set forth by the Court of Appeals in *Pimpinello v Swift & Co.* (253 NY 159, 162-163): "Ordinarily, the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material * * * If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him." Respondent's allegations wholly fail to bring the situation within the limited exception described in *Pimpinello* (p 163) that obtains where "the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him". Similarly unavailing to respondent is the principle set forth in *National Bank of North Amer. v Chu* (47 NY2d 946, revg 64 AD2d 573). Nothing in the affidavit of respondent, who is described without contradiction as an experienced businessman, supports the conclusion that he would have had difficulty understanding the meaning of the document that he signed, or gives rise to a factual issue as to whether the bank officer was aware, or should have been aware, of the deception allegedly practiced on him by a fellow officer of ISA. Nor is a viable defense raised by respondent's claim that he had revoked the guarantee in a letter dated December 7, 1977 that was allegedly delivered to an unnamed employee of the bank by a business associate. Respondent's guarantee is explicit that for a revocation to be effective, its receipt must be acknowledged in writing by Sterling. No evidence is advanced that such an acknowledgment was requested, much less secured, at the time of the alleged delivery to an unidentified bank employee. Under the circumstances described, it is unnecessary to reach the question that might have been raised if there was a basis for concluding that Sterling, acting in bad faith, had failed to acknowledge a revocation which it had a clear obligation to acknowledge. Settle order on notice. Concur — Kupferman, J. P., Sandler, Silverman, Lynch and Milonas, JJ.