CAPRI JEWELRY, INC., Appellant-Respondent, v URI CHAYAVI, Also Known as URI CHYAVI, Also Known as URI HAYAWI, Also Known as HARRY GRANT, et al., Respondents-Appellants.

First Department, June 12, 1986

## APPEARANCES OF COUNSEL

*Paul A. Feigenbaum* of counsel *(Fink Weinberger Fredman Berman & Lowell, P. C.,* attorneys), for appellant-respondent.

*Hyman R. Friedman* of counsel *(Coopersmith & Coopersmith,* attorneys), for respondents-appellants.

## OPINION OF THE COURT

FEIN, J.

By summons and notice of motion for summary judgment in lieu of complaint (CPLR 3213), plaintiff sought a judgment of $300,000 against both defendants and $200,000 against defendant Harry Grant only, totaling $500,000 with interest from March 1, 1985, plus collection costs and attorneys' fees.

Special Term denied plaintiff's motion for summary judgment and defendants' cross motion for summary judgment. We have concluded that plaintiff is entitled to summary judgment.

It is undisputed that Harry Grant executed a note for $200,000 to the plaintiff secured by property in Long Branch, New Jersey, and that both defendants, husband and wife, executed a note for $300,000 secured by property in Alpine, New Jersey. The notes evidenced a cash loan of $500,000 made by plaintiff to defendants payable in five years, interest only payable monthly commencing October 1, 1982, with the full principal due December 31, 1987. The notes provided that if defendants failed to make any of the monthly payments within 30 days of the due date, plaintiff would be entitled to declare a default accelerating the full amount of the notes. Plaintiff alleged that defendants had not paid the interest due March 1, 1985 and were in default. Notice of such default and acceleration, dated April 1, 1985, was personally delivered to

defendants and was also sent by certified mail to their address, demanding full and immediate payment.

Defendants opposed summary judgment by cross motion seeking dismissal, asserting that interest had been paid for 28 months, totaling $88,666.76. It was contended that plaintiff had set a "trap" for defendants prior to accelerating the notes. Defendant Harry Grant asserted that he had drawn the $4,166.67 interest check, due March 1, 1985, on March 5, to be mailed in the usual course to plaintiff. He further alleged that he had learned from his bank on or about March 19 that the check had been returned because it was drawn on "uncollected funds". He swore plaintiff had not notified him of this. He called plaintiff's office and asked to talk to someone about this check. Without identifying the person to whom he spoke, Grant stated that he had apologized for what had happened and asked the person to redeposit the check. The person told him he would do so and not to worry.

Grant further asserted that he left for Washington, D. C., in reliance on this redeposit assurance but when he returned on April 3 he found that an acceleration notice had been left with his son on April 2, declaring defendants in default and requiring immediate payment of the $500,000 principal.

Grant then procured two certified checks to cover, and hand delivered them to plaintiff, together with a letter dated April 5, 1985. Plaintiff refused to accept the checks and also refused to accept a check for the interest payable May 1, 1985.

Defendants also claim, by way of defense, that New Jersey law requires a foreclosure first and only then permits a suit for the remaining balance. It was further asserted by way of defense that a course of conduct among the parties permitted the delayed payment, demonstrated by a list of the varying dates of the monthly payments.

It appears that the loan by plaintiff to defendants was for commercial property purposes. Defendant Harry Grant was the landlord of plaintiff in New York City and during the period of these events there was litigation between them.

Special Term properly held that New Jersey law requiring foreclosure first did not apply. However, Special Term found a factual question as to the circumstances under which the default occurred. We disagree.

It is plain that the notes constituted instruments for the payment of money only, within CPLR 3213. The pleaded defenses and defendants' cross motion for summary judgment

raise no triable issues. They assert as defenses (a) plaintiff's failure to redeposit the check; (b) breach of the Uniform Commercial Code requirement of good faith, providing a defense of unconscionability; (c) tender by defendants of certified checks before the acceleration notice was properly received; and (d) application of the New Jersey statute requiring foreclosure first (NJ Stats Ann § 2A:50-2).

Plaintiff clearly presented a prima facie case for CPLR 3213 relief *(Citibank v Furlong,* 81 AD2d 803). There is no dispute that the promissory notes were instruments for the payment of money only, on which defendants defaulted in making a monthly interest payment, permitting acceleration. Defendants did not overcome plaintiff's case and failed to meet their defense burden *(Thrift Credit Corp. v American Overseas Trading Corp.,* 54 AD2d 994).

The claim that "someone" at plaintiff's office, otherwise unidentified, agreed over the telephone to redeposit the check, thus setting a trap for defendants, is no defense. The evidence is vague and conclusory *(Kramer v Harris,* 9 AD2d 282). The notes contained the usual restriction that their terms could not be changed except by a writing signed by both the borrower and the lender. Thus, such parol evidence would be inadmissible and could not defeat summary judgment *(Bowne & Co. v Scileppi,* 99 AD2d 440). Without a writing to change the notes' terms, there is no basis for a defense *(Sterling Natl. Bank & Trust Co. v I.S.A. Merchandising Corp.,* 91 AD2d 571, 572). The defense is based on a telephone call to an unnamed person after the check had bounced. Even had the oral representations been made by a named employee, they would be insufficient as a defense *(New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767).

Plaintiff's denial that any such assurances were given might raise a triable issue but for the provision in the notes that their terms could not be changed except in writing, signed by both parties. It is notable that there was litigation then pending for a number of months among the parties in which plaintiff was seeking a return of the subject $500,000 on another basis. Harry Grant's April 5 letter sending the admittedly late check failed to mention the alleged March telephone conversation or assurance.

Defendants have failed to come forward with sufficient evidence to raise a triable issue to defeat summary judgment. *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26

NY2d 255, 259, quoting *Kramer v Harris,* 9 AD2d, at p 283: " 'Bald conclusory assertions, even if believable, are not enough' ".) Grant's assertions are insufficient to raise a bona fide and genuine issue. They suggest only "feigned" and unsubstantiated defenses *(Di Sabato v Soffes,* 9 AD2d 297, 300). No triable issue is raised.

Equally untenable is the defense which relies upon the New Jersey statute requiring foreclosure first before commencing suit on the note. The loan was given for a purpose unrelated to the mortgaged property. Moreover, New York law, not New Jersey law, should govern. It is undisputed that the notes were made, executed and delivered in New York City and were payable to plaintiff in New York. It is equally undisputed that the notes were given to evidence a cash loan by plaintiff to defendants in connection with a New York City real estate transaction unrelated to the New Jersey property, mortgaged as security for payment of the notes.

As held in *Thompson v Lakewood City Dev. Co.* (105 Misc 680, *affd* 188 App Div 996), the existence of a mandatory first remedy of mortgage foreclosure under New Jersey law does not require resort to such a first remedy in an action on the notes in the courts of this State. Even the New Jersey courts have held that where the debt is security for business or commercial purposes, it is not subject to the New Jersey statute requiring mortgage foreclosure before proceeding on a note *(Central Penn Natl. Bank v Stonebridge Ltd.,* 185 NJ Super 289, 304, 448 A2d 498, 505-506), where the statute (NJ Stats Ann § 2A:50-2.3) is quoted:

" 'This act shall not apply to proceedings to collect a debt evidenced by a note and secured by a mortgage on real property in the following instances:

" 'a. Where the debt secured is for a business or commercial purpose' ".

Defendants' reliance on the good faith and unconscionability provisions of the Uniform Commercial Code is misplaced. Those provisions *(e.g.,* UCC 1-201 [19]; 2-302) generally concern sales contracts, not negotiable instruments.

Accordingly, the order, Supreme Court, New York County (Ira Gammerman, J.), entered August 7, 1985, denying plaintiff's motion for summary judgment and defendants' cross motion for summary judgment, should be modified, on the law, to the extent of granting plaintiff's motion for summary judgment, with costs, and otherwise affirmed.

SULLIVAN, J. P., LYNCH, MILONAS and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on August 7, 1985, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment, and otherwise affirmed. Plaintiff-appellant-respondent shall recover of defendants-respondents-appellants $75 costs and disbursements of the appeal and cross appeal.