■ INTER BUSINESS MARKETING, INC., Appellant, v TOBIE KRONENGOLD, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered August 15, 1986, denying summary judgment in lieu of complaint under CPLR 3213, unanimously reversed, on the law, and motion granted, with costs.

This is an action to recover the $135,000 balance of a loan from plaintiff to defendant. The original principal of $300,000 was documented by three promissory notes. Defendant repaid the sum of $165,000, plus interest directly to the plaintiff. In opposition to summary judgment, defendant claims satisfaction and discharge of the balance by payment to one Marvin Lieberman, a third party, who had performed accounting services for plaintiff, and also helped negotiate the loan between the parties.

It is doubtful that defendant has made even a colorable showing that Lieberman was, as agent of plaintiff, authorized to collect repayments, since defendant only offers acts and statements of the alleged agent, Lieberman, which are ordinarily insufficient without adoption by plaintiff, the alleged principal *(Ford v Unity Hosp.,* 32 NY2d 464). But even if that deficiency were to be overlooked, what is decisive here is that defendant has failed to produce any documentary proof which would establish payment of the balance to Lieberman or anyone else. In the absence of such proofs the bald and conclusory assertion of payment is insufficient to raise a triable issue of fact *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259; *Mohegan Elec. Supply Co. v Pesach,* 94 AD2d 717; *Capri Jewelry v Chayavi,* 117 AD2d 464). Thus, defendant having failed to "assemble, lay bare and reveal his proofs, in order to show that the matters set up * * * are real and are capable of being established upon a trial" *(Di Sabato v Soffes,* 9 AD2d 297, 301), it was error for the IAS court to deny summary judgment to plaintiff. Concur —Kupferman, J. P., Sullivan, Ross, Milonas and Wallach, JJ.