OPINION OF THE COURT
Per Curiam.
Order entered June 21, 1993 reversed, with $10 costs, and defendant’s motion for summary judgment dismissing the complaint is granted.
As a result of the loss in transit of goods shipped by plaintiff Mohertus Trading Company, defendant United Parcel Service (UPS) tendered and plaintiff accepted payment of $6,000, representing the declared value of the shipment as reflected in the shipping receipt presented to and signed by plaintiff’s officer. In this action plaintiff seeks additional recompense of approximately $10,000, upon allegations that the $6,000 declaration of value contained in the shipping receipt represented a "mutual mistake” said to have occurred when plaintiff’s officer "asked the UPS representative to insure [the] package for $16,000” and the UPS agent "mistakingly entered” the lower value. We find plaintiff’s conclusory assertions insufficient to raise a triable issue, and thus grant defendant’s motion for summary judgment dismissing the complaint. The signature of plaintiff’s officer, a sophisticated business executive, provides "the most satisfactory evidence of its agreement to the statement of released value” conspicuously set out in the shipping receipt (Boeing Co. v U.S.A.C. Transp., 539 F2d 1228, 1231) and plaintiff will not be excused from the binding terms of the document by reason of its officer’s purported failure to read it (see, Pimpinello v Swift & Co., 253 NY 159, 162-163; Chemical Bank v Masters, 176 AD2d 591). Nor has plaintiff shown that defendant’s agent was aware, or should have been aware, of plaintiff’s alleged misunderstanding (see, Sterling Natl. Bank & Trust Co. v U.S.A. Merchandising Corp., 91 AD2d 571, 572).
Moreover, it would be inappropriate for plaintiff, which accepted and negotiated without objection defendant’s settlement check in the amount specified in the shipping receipt, to now be allowed additional recovery for the loss on a full value basis. " 'Having accepted the benefit of the lower rate dependent upon the specified valuation, the [plaintiff] is estopped *261 from asserting a higher value. To allow [plaintiff] to do so would be to violate the plainest principles of fair dealing.’ ” (Boeing Co. v U.S.A.C. Transp., supra, 539 F2d, at 1231, quoting American Ry. Express Co. v Lindenburg, 260 US 584, 592.)
Harness, J.P., Miller and McCooe, JJ., concur.