IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRYAN PAUL HERNANDEZ, | ) | |
| | ) | No. 39802-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PAUL ROGER HERNANDEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

FEARING, J. — Bryan Hernandez appeals the superior court's denial of her petition for a domestic violence protection order protecting her from her father, Roger Hernandez. Hernandez complains that the superior court erred by failing to hold a hearing before denying her petition. Hernandez argues that denial of the petition proves the superior court was either biased against her or did not review the content of her petition. Because Hernandez failed to comply with court rules in designating clerk's papers and citing to the record in her appeal brief and because insufficient evidence supported the issuance of a domestic violence protection order, we affirm the superior court.

FACTS

As analyzed later, Bryan Hernandez cites to no facts in her appeal brief. Therefore, this court cannot properly review her appeal. She attached to her notice of

appeal a purported petition for a domestic violence protection order, but the superior court clerk never sent the petition to this court as a clerk's paper.

The petition form attached to Bryan Hernandez's notice of appeal prompted Hernandez to respond to a variety of questions. We provide the relevant questions in regular text and Hernandez's answers in bold text.

> 11. I ask for a protection order with these restraints:
> . . . .
> Firearms and Other Dangerous Weapons
> O. . . .
> . . . .
> Even if the restrained person does not have firearms, has the restrained person ever used firearms, other weapons or objects to threaten or harm you.
> **[X]** Yes  [   ] No
> If Yes, describe what happened.
> **Restrained person and his wife once threatened to shoot me with their 12-gauge if I ever came home to my house.**

Notice of Appeal (NOA) at 12-14 (Petition for Protection Order (Order) at 4-6).

> 13. Length of Order
> . . . .
> I need this order to last for: . . . **10 years**
> If you checked more or less than one year, briefly explain why.
> **Restrained person and his wife have abused me for my whole life.**
> . . . .
> 14. Immediate Protection: Do you need a Temporary Protection Order to start immediately, without prior notice to the restrained person?
> **[X]** Yes  [   ] No
> 15. Immediate Weapons Surrender: Do you want a temporary order that requires the restrained person give up all firearms, other dangerous weapons, and concealed pistol licenses right away, and prohibits the restrained person from getting more?

2

No. 39802-1-III,
*Hernandez v. Hernandez*

> **[X]** Yes  [  ] No
>
> If Yes to 14 or 15, explain why: What serious immediate harm or irreparable injury could occur if an order is not issued immediately without prior notice to the restrained person?
>
> . . . .
>
> **Restrained person and his wife are narcissists and have threatened acts of violence against myself and others in order to deprive people of their God-given rights. Comments such as "Oh, we have a twelve-gauge," and "We'll never let you go home," serve to support my position.**

NOA at 16 (Order at 8).

> 16. Most Recent Incident. What happened most recently that made you want a protection order? . . .
>
> **For three years restrained person paid County Officials to unlawfully imprison me in County Jail and now Eastern State Hospital, took all my belongings and placed them in storage and my house without my permission, threatened to stop paying for my storage unit in order to control me, paid officers in Benton County Jail to beat me up and charge me with it, blatantly abused the guardianship process, paid court officials to lie about my wife and I, slandered or outright lied to police about me right up to the present.**
>
> 17. Past Incidents. What happened in the past that makes you want a protection order? . . .
>
> **Restrained person bit me in the back in 2013 resulting in a CPS investigation where he lied and refused to read the material provided to him, slandered and blamed my mother for my behavior caused by his Satanic Ritual Abuse against me, relentlessly sued my mother then lied about it, kidnapped me from a foster home in 2012, would not allow me to have many friends, in 2018 would not allow me to watch certain TV shows or would confiscate my computer if I was having "too much fun," or I had to ask to use the bathroom.**
>
> 18. Medical Treatment. Describe any medical treatment you received for issues related to your request for protection.
>
> **None—it was (and still is) witheld [sic] from me.**

NOA at 17-18 (Order at 9-10).

Roger Hernandez, in his appeal brief, denies all allegations of abuse alleged in Bryan Hernandez's petition. Br. of Resp't 1-2.

PROCEDURE

On February 1, 2023, Bryan Hernandez filed a petition for a domestic violence protection order, from which petition we previously quoted. She identified herself as the primary protected person and her father, Roger Hernandez, as the respondent. Hernandez also identified "Sydney Stevens-Hernandez" and "Kathryn Lee Bray" as additional persons to be protected by the order. According to Roger, Sydney's last name is not "Stevens-Hernandez." The surname is only "Stevens." Br. of Resp't at 1. Roger claims Sydney is someone Bryan Hernandez met during her youth. Although Sydney and Bryan Hernandez have not communicated for years, Hernandez believes she and Sydney are married. Br. of Resp't 1.

The superior court entered an order denying Bryan Hernandez's petition on February 2, 2023. The court did not hold a hearing on the petition. In the order denying the petition, the superior court indicated it found insufficient evidence supported the issuance of a protection order. According to the court, the petition did not identify a specific incident and approximate date of behavior that would have supported such an order. The court also wrote in the order that Hernandez had fourteen days to amend her petition and, if she did not do so, the court would dismiss the case. Hernandez did not amend the petition.

4

LAW AND ANALYSIS

Violation of Court Rules

RAP 9.6(a) requires an appellant to file with the superior court clerk a designation of clerk's papers to transmit to this court for review. Bryan Hernandez designated clerk's papers, but declined to pay for the cost of copying and transmittal to this court. RAP 10.3(a)(5) demands that an appeal brief contain citations to the clerk's papers for all facts alleged in the brief. Because Hernandez failed to pay for transmittal of clerk's papers, she fails to cite to page numbers of facts alleged in her brief.

Bryan Hernandez attached a petition she purportedly filed with the superior court and the denial order purportedly signed by the superior court to her notice of appeal. In her brief, she cites to clerk's papers for the denial of her motion. Nevertheless, her brief fails to outline any facts she alleges and seeks for this court to review. Because of the failure to follow RAP 9.6(a) and 10.3(a)(5), this court affirms the decision of the superior court.

Insufficiency of Evidence

In arguing the superior court erred in denying her petition for a domestic violence protection order, Bryan Hernandez first asserts that the order entered by the trial court contradicts this court's decision in *Ugolini v. Ugolini*, 11 Wn. App. 2d 443, 453 P.3d 1027 (2019) because the superior court lacked an opportunity for a fair investigation into the merits of the petition. We assume Hernandez refers to the superior court's decision to

deny the petition without holding a hearing. Next, Hernandez maintains that, because the petition contained sufficient evidence to support the issuance of a domestic violence protection order, the superior court either failed to read the petition or was biased against her when it found insufficient evidence supported such an order.

Superior courts exercise discretion in deciding whether to grant or deny petitions for domestic violence protection orders. *Juarez v. Juarez*, 195 Wn. App. 880, 892, 382 P.3d 13 (2016). Hence, this court reviews such decisions for an abuse of discretion and "will not disturb such an exercise of discretion absent a clear showing of abuse." *Juarez v. Juarez*, 195 Wn. App. 880, 893 (2016); *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). An abuse of discretion exists when a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*In the Matter of Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). In other words, this court will not find an abuse of discretion unless it is convinced that "'*no reasonable person* would take the view adopted by the trial court.'" *State v. Perez-Cervantes*, 141 Wn.2d 468, 475, 6 P.3d 1160 (2000) (quoting *State v. Huelett*, 92 Wn.2d

967, 969, 603 P.2d 1258 (1979)) (emphasis added). The superior court reviewing Bryan

Hernandez's petition did not act unreasonably.

Under RCW 7.105.100(1)(a),

> petition for a domestic violence protection order . . . must allege the existence of domestic violence committed against the petitioner or petitioners by an intimate partner or a family or household member.

RCW 7.105.010(9) provides the relevant definition of domestic violence:

> (b) Physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; coercive control; unlawful harassment; or stalking of one family or household member by another family or household member.

"The facts supporting a protection order must reasonably relate to physical harm, bodily

injury, assault, or the fear of imminent harm." *In the Matter of the Marriage of Freeman*,

169 Wn.2d 664, 674, 239 P.3d 557 (2010) (emphasis omitted).

Bryan Hernandez relies on *Ugolini v. Ugolini*, 11 Wn. App. 2d 443 (2019) to

argue a fair investigation into her petition did not take place because a hearing on the

petition did not occur. In *Ugolini*, the trial court conducted a hearing on the ex-wife's

petition for a domestic violence protection order against the ex-husband. Nevertheless,

this court did not rule that the superior court must always conduct a hearing regardless of

whether the petitioner fails to provide dates and sufficient background to the alleged

domestic violence.

Even the purported pleadings attached to Bryan Hernandez's notice of appeal fail to support her claim of superior court bias. Hernandez claimed that Roger Hernandez and Roger's wife abused Hernandez and threatened her, but she provided no specific facts, dates, or places supporting these claims. Hernandez asserted facts difficult to believe such as Roger engaged in satanic ritual abuse, paid Benton County correction officers to pummel her, and kidnapped her from a foster home twelve years ago. A court need not accept as facts, even in opposition to a summary judgment motion, that are inherently unbelievable, that no reasonable jury could believe, that are too incredible to be accepted by a reasonable mind, or that encompass implausible conclusory facts and gross assertions. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007); *Dieng v. Barr*, 947 F.3d 956, 962–63 (6th Cir. 2020); *Kramer v. Harris*, 9 A.D.2d 282, 283, 193 N.Y.S.2d 548 (N.Y. App. Div. 1959); *Messall v. Efron*, 72 A.2d 694, 696 (D.C. 1950).

## Motion for Stay

After filing her appellant's brief, Bryan Hernandez asked this court for a stay of the superior court order. This motion makes no sense because the superior court never granted any relief to Hernandez or to her father. Thus, we deny the motion.

## CONCLUSION

We affirm the superior court's denial of the petition for a domestic violence protection order. We also deny Bryan Hernandez's motion for a stay.

8

No. 39802-1-III,
*Hernandez v. Hernandez*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, J.

_____
Staab, A.C.J.

9