■ MAROSS CONSTRUCTION, INC., Appellant, v CENTRAL NEW YORK REGIONAL TRANSPORTATION AUTHORITY, Respondent. — Judgment unanimously reversed, on the law, with costs, and summary judgment granted to plaintiff, in accordance with the following memorandum: Defendant, a public authority, advertised for bids in connection with the construction of a bus garage in the City of Syracuse. Before bids were submitted, defendant's architect was alerted to an apparent discrepancy between the bid specifications and two drawings which were included in the specifications. The alleged discrepancy involved two large fiberglass tanks which are the subject matter of this dispute. The specifications indicated that the obligation to supply the tanks fell upon the liquids handling system contractor, while the drawings appeared to place this obligation upon the general contractor. The architect concluded that the alleged discrepancy was minor; that the specifications govern; and, therefore, that the liquids handling contractor was required to furnish the tanks. Plaintiff, a bidder on one of several prime contracts involved in the construction, was informed of the architect's opinions. Nevertheless, plaintiff did not include the cost of the tanks (approximately $15,000) in its bid, which was the lowest submitted.

Before the contract was prepared, the architect was advised that plaintiff's bid did not include the cost of the tanks. Subsequent informal efforts to resolve the issue were unsuccessful.

Thereafter, defendant prepared and sent a proposed contract to plaintiff. Prior to signing the contract, plaintiff added the following paragraph to the proposed contract: "The contractor, Maross Construction, Inc., is not responsible for the supplying and installing of fiber-glass tanks V18 and V28 on page H1.4 of the contract drawings, as the drawings specifically place such responsibility with the general contractor."

The contract was then signed by defendant. Shortly after work began, a dispute arose as to the responsibility for supplying the tanks. The matter was submitted to the architect pursuant to a provision in the specifications giving the architect authority to resolve disputes. He determined that plaintiff had the obligation to provide the tanks. The architect did not consider the disclaimer paragraph in making his determination.

Plaintiff thereafter commenced the instant declaratory judgment action. Special Term concluded that plaintiff is responsible for the tanks, reasoning that the bid documents required that they be supplied by plaintiff and that the disclaimer paragraph inserted in the contract by plaintiff is a nullity because defendant, as a public authority, is bound by competitive bidding procedures and cannot waive or modify the material requirements of the bid documents. We reverse.

Special Term relied on *Matter of Glen Truck Sales & Serv. v Sirignano* (31 Misc 2d 1027) for the proposition that a municipality may not modify the material requirements of the bid specifications (see, also, *Janvey & Sons v County of Nassau,* 60 NY2d 887, 889; *Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266, 272; *Matter of Superior Hydraulic v Town Bd.,* 88 AD2d 404, 407, app dsmd 58 NY2d 824; *Matter of Fischbach & Moore v New York City Tr. Auth.,* 79 AD2d 14, 19, mot for lv to app den 53 NY2d 604; *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 32, affd 46 NY2d 960). We find that line of cases inapposite, since they all involved a challenge by an unsuccessful bidder to the award of a contract to a bidder whose bid allegedly failed to comply with the material requirements of the specifications. In the instant case, it is the public authority seeking to set aside a contract which it entered into. This we cannot sanction on the facts presented.

Once it was determined that plaintiff submitted the low bid on the contract in question and before a contract had been executed, a legitimate dispute arose between plaintiff and defendant as to what the bid specifications required. At that point, the

proper course of action would have been for defendant to reject plaintiff's bid or, alternatively, to hold plaintiff to the specifications since the bid was an offer to contract binding on the bidder for the 90 days set forth in the advertisement for bids (see *Le Cesse Bros. Contr. v Town Bd., supra,* p 33). Defendant took advantage of neither option. Instead, it resolved its dispute with plaintiff by contractually agreeing that the bid specifications did not require the two tanks in question. Relying on defendant's representations, plaintiff commenced performance under the contract.

That the provision relieving plaintiff of its obligation was added to the contract by plaintiff is of no moment. Defendant signed the contract after the disclaimer provision had been added and is thus bound by the written terms contained in the contract. "A competent person is held responsible for his signature to a document which has not been fraudulently procured. He is bound to read and know what he signs * * * 'That his mind never gave assent to the terms expressed is not material * * * If the signer could read the instrument, not to have read it was gross negligence; if he could not read it, not to procure it to be read was equally negligent; in either case the writing binds him'" (*Manufacturers & Traders Trust Co. v Commercial Door & Hardware,* 51 AD2d 362, 366, quoting *Pimpinelo v Swift & Co.,* 253 NY 159, 162-163, and citing *Humble Oil & Refining Co. v Jaybert Esso Serv. Sta.,* 30 AD2d 952). A party to a writing "is presumed to have read and understood the writing which he signed" (*Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 321-322; see, also, *Corporate Graphics v Mehlman Mgt. Corp.,* 81 AD2d 767; *Humble Oil & Refining Co. v Jaybert Esso Serv. Sta., supra*).

Finally, that the dispute herein was resolved in favor of defendant by the architect pursuant to the terms of the contract does not foreclose plaintiff from bringing the instant action. The specifications authorize the architect to resolve disputes to prevent litigation, but this authority extends only to the resolution of factual disputes involving work or materials. "The legal meaning of the contract is always the responsibility of the court" (*Joseph Davis, Inc. v Meritt-Chapman & Scott Corp.,* 27 AD2d 114, 118, affd 23 NY2d 872).

Judgment must be entered declaring that, under the terms of the contract, plaintiff is not responsible for supplying and installing the two fiberglass tanks referred to in the bid specifications. (Appeal from judgment of Supreme Court, Onondaga County, Balio, J. — declaratory judgment.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Schnepp, JJ.