■ MARINE MIDLAND BANK, N. A., Appellant, v IDAR GEM DISTRIBUTORS, INC. et al., Respondents.—Order insofar as appealed from unanimously reversed on the law without costs and plaintiff's motion granted, in accordance with the following memorandum: Plaintiff seeks to recover the amount due under a promissory note executed by defendant, Idar Gem Distributors, Inc. and guaranteed by defendant Moufarrege, and to recover certain assets of the corporation which were pledged as security for the debt. The answer of the corpora-

tion contained merely general denials and summary judgment was properly granted as to it. However, Special Term erred in denying plaintiff's motion for summary judgment against the individual defendant, Moufarrege. Moufarrege asserted two affirmative defenses: one alleged that defendant was fraudulently induced to sign the personal guarantee and the second alleged that defendant was unaware that he was signing a personal guarantee. Defendant's unsubstantiated allegations and mere conclusions, containing no specific factual recitation, will not defeat a motion for summary judgment *(Poluliah v Fidelity High Income Fund,* 102 AD2d 720, 722).

The first affirmative defense, which alleges that Moufarrege was fraudulently induced to sign the personal guarantee, merely asserts that he was not told that the personal guarantee was among the documents he was asked to sign. He does not assert that the bank loan officer represented to him that he would not be personally liable on the guarantee. A false representation as to a material fact is necessary to sustain a claim for fraud *(Brown v Lockwood,* 76 AD2d 721, 730; 24 NY Jur, Fraud and Deceit, § 14). Inasmuch as the claim of fraudulent inducement is unsupported by any factual recitation, it is insufficient to defeat plaintiff's motion for summary judgment *(see, Poluliah v Fidelity High Income Fund, supra,* at 722).

The second affirmative defense is insufficient as a matter of law. A party to a writing is presumed to have read and understood the document which he signed *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 107 AD2d 1010, 1012, *revd on other grounds* 66 NY2d 341; *Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 321-322). Moufarrege's allegation that he signed a document clearly captioned "Unlimited Continuing Guaranty" without understanding the character of the document is wholly insufficient to establish a legal defense *(see, Sterling Natl. Bank & Trust Co. v I. S. A. Merchandising Corp.,* 91 AD2d 571, 572). (Appeal from order of Supreme Court, Monroe County, Conway, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, Balio and Davis, JJ.