■ DUNKIN' DONUTS OF AMERICA, INC., et al., Respondents, v JANICE LIBERATORE, Appellant, et al., Defendant.—In an action to recover on an unconditional personal guarantee, the defendant Janice Liberatore appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated November 26, 1986, which granted the motion of the plaintiff Dunkin'

Donuts of New York, Inc., for summary judgment as to the second and third causes of action in the complaint and dismissed her affirmative defenses and counterclaims.

Ordered that the order is affirmed, with costs.

The appellant maintains that she was fraudulently induced to sign a written guarantee for the debts and obligations of her husband's corporation. She alleges that the reference to the guarantee as a routine document by the regional sales manager of the plaintiff Dunkin' Donuts of America, Inc. (hereinafter DDA) induced her to sign the document. The appellant contends that she did not know the significance of the document and implies that the manager should have instructed her as to its import. The Supreme Court found her claims to be without merit and granted summary judgment to the plaintiff Dunkin' Donuts of New York, Inc., on its second and third causes of action. We affirm.

As a general proposition, the signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract (*Pimpinello v Swift & Co.,* 253 NY 159; *Columbus Trust Co. v Campolo,* 110 AD2d 616, *affd* 66 NY2d 701). Moreover, the mere fact that the guarantor was not told that a personal guarantee was among the documents she was asked to sign is insufficient to establish a defense of fraudulent inducement (*Marine Midland Bank v Idar Gem Distribs.,* 133 AD2d 525). Assuming, arguendo, that DDA's sales manager referred to the guarantee as a routine document, that fact alone is not enough to establish fraud. Here, the guarantee clearly indicated that the signatories would "unconditionally guarantee the performance of all duties and obligations of [the corporation]". In addition, the document was unambiguously identified as a personal guarantee. It has been uniformly held that if the facts represented are not matters peculiarly within the representor's knowledge, and the other party has the means available to him of knowing by the exercise of ordinary intelligence the truth or real quality of the subject of the representation, he must make use of those means or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations (*Danann Realty Corp. v Harris,* 5 NY2d 317; *Edmar Creations v Instrument Sys. Corp.,* 74 AD2d 632). Under the circumstances, the appellant's failure to read the clear language of the guarantee precludes a defense of fraudulent inducement.

The appellant also claims that the guarantee is void for lack

of consideration. The record establishes that the guarantee was given in consideration for the plaintiffs' consent to an assignment of a lease to the newly formed corporation. It is of no moment that the appellant was not a shareholder of the new corporation. It is well established that " 'where one party agrees with another party that, if such party for a consideration performs a certain act [f]or a third person, he will guarantee payment of the consideration by such person, the act specified is impliedly requested by the guarantor to be performed and, when performed, constitutes a consideration for the guarantee' " *(Columbus Trust Co. v Campolo, supra,* at 617, quoting from *Sun Oil Co. v Heller,* 248 NY 28, 32-33). Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.