■ JOHN C. BARRETTE et al., Appellants, v GENERAL ELECTRIC COMPANY et al., Respondents, et al., Defendants. (Appeal No. 1.)—Judgment unanimously reversed on the law and motion denied, with one bill of costs to be apportioned equally among the respondents in this appeal and in appeals Nos. 2, 3 and 4, decided herewith. Memorandum: The injured plaintiff sued for damages allegedly sustained as a result of exposure to certain materials at his workplace. Defendants moved for summary judgment relying upon the unsworn report of plaintiff's physician stating that upon examination plaintiff showed no evidence of pulmonary or cardiac disease. Special Term granted defendants' motions to dismiss stating that "defendants have established as a matter of law, that plaintiff has suffered no damages causally related to tungsten carbide exposure at his place of employment."

It is well established that a defendant moving for summary judgment has the burden of proving by evidence in admissible form that plaintiff has no cause of action *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). Because the report of plaintiff's physician was unsworn, it was not in admissible form *(see, Sole v Kurnik,* 119 AD2d 974, *lv dismissed* 68 NY2d 806; *Savage v Delacruz,* 100 AD2d 707; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664) unless it had been adopted by plaintiff for his own purposes *(see, Miller v Nationwide Mut. Fire Ins. Co.,* 100 AD2d 727, 728). On oral argument defendants stated that the plaintiff, in answer to his interrogatories, had adopted the report. The interrogatories referred to, however, are not to be found in the record and may not, therefore, be considered by us.

Moreover, even if admissible, the report of plaintiff's physician does not conclusively prove that plaintiff has suffered no

injury as the result of exposure to substances at his workplace; it proves only that plaintiff has suffered no pulmonary or cardiac injury. Defendants have not ruled out other injuries that plaintiff may have suffered as the result of such exposure. (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.