INC., Formerly AFRICAN METALS CORPORATION, et al., Defendants, and KENNAMETAL, INC., Respondent. (Appeal No. 2.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Race v General Elec. Co.* ([appeal No. 1] 144 AD2d 990 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

GLORIA RACE et al., Appellants, v AFRIMET-INDUSSA, INC., Formerly AFRICAN METALS CORPORATION, Respondent, et al., Defendants. (Appeal No. 3.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Race v General Elec. Co.* ([appeal No. 1] 144 AD2d 990 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J. —summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

GLORIA RACE et al., Appellants, v AFRIMET-INDUSSA, INC., Formerly AFRICAN METALS CORPORATION, et al., Defendants, and SHERRITT GORDON MINES LIMITED, Respondent. (Appeal No. 4.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Race v General Elec. Co.* ([appeal No. 1] 144 AD2d 990 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

PHILLIP STEVENS et al., Appellants, v GENERAL ELECTRIC COMPANY et al., Respondents, et al., Defendants. (Appeal No. 1.)—Judgment unanimously reversed on the law and motion denied, with one bill of costs to be apportioned equally among the respondents in this appeal and in appeals Nos. 2, 3 and 4, decided herewith. Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

PHILLIP STEVENS et al., Appellants, v AFRIMET-INDUSSA, INC., Formerly AFRICAN METALS CORPORATION, et al., Defen-

dants, and KENNAMETAL, INC., Respondent. (Appeal No. 2.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Stevens v General Elec. Co.* ([appeal No. 1] 144 AD2d 991 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

PHILLIP STEVENS et al., Appellants, v AFRIMET-INDUSSA, INC., Formerly AFRICAN METALS CORPORATION, Respondent, et al., Defendants. (Appeal No. 3.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Stevens v General Elec. Co.* ([appeal No. 1] 144 AD2d 991 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

PHILLIP STEVENS et al., Appellants, v AFRIMET-INDUSSA, INC., Formerly AFRICAN METALS CORPORATION, et al., Defendants, and SHERRITT GORDON MINES LIMITED, Respondent. (Appeal No. 4.)—Judgment unanimously reversed on the law and motion denied, with costs as provided in *Stevens v General Elec. Co.* ([appeal No. 1] 144 AD2d 991 [decided herewith]). Same memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1 144 AD2d 983 [decided herewith]). (Appeal from judgment of Supreme Court, Onondaga County, Stone, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONZO SATCHER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his convictions following a bench trial for attempted murder, second degree, and criminal use of a firearm, first degree, defendant argues that his jury waiver was ineffective because it was not made before this nonjury trial commenced but, rather, after the testimony of the first witness for the People. The jury waiver was presented to the court early in the proceedings and there is no question raised concerning the voluntariness of the waiver. Under these circumstances, the defendant's waiver of a jury trial was effective *(People v Kravitz,* 140 AD2d 972; *People v Caldwell,* 107 Misc 2d 62).

Although the court did not comply with CPL 320.20 (5) by