dants, and KENNAMETAL, INC., Respondent. (Appeal No. 2.)—
Judgment unanimously reversed on the law and motion de-
nied, with costs as provided in *Stevens v General Elec. Co.*
([appeal No. 1] 144 AD2d 991 [decided herewith]). Same memo-
randum as in *Barrette v General Elec. Co.* ([appeal No. 1] 144
AD2d 983 [decided herewith]). (Appeal from judgment of Su-
preme Court, Onondaga County, Stone, J.—summary judg-
ment.) Present—Dillon, P. J., Callahan, Doerr, Denman and
Boomer, JJ.

■ PHILLIP STEVENS et al., Appellants, v AFRIMET-INDUSSA,
INC., Formerly AFRICAN METALS CORPORATION, Respondent, et
al., Defendants. (Appeal No. 3.)—Judgment unanimously re-
versed on the law and motion denied, with costs as provided in
*Stevens v General Elec. Co.* ([appeal No. 1] 144 AD2d 991 [decided
herewith]). Same memorandum as in *Barrette v General Elec.
Co.* ([appeal No. 1] 144 AD2d 983 [decided herewith]). (Appeal
from judgment of Supreme Court, Onondaga County, Stone, J.
—summary judgment.) Present—Dillon, P. J., Callahan,
Doerr, Denman and Boomer, JJ.

■ PHILLIP STEVENS et al., Appellants, v AFRIMET-INDUSSA,
INC., Formerly AFRICAN METALS CORPORATION, et al., Defen-
dants, and SHERRITT GORDON MINES LIMITED, Respondent.
(Appeal No. 4.)—Judgment unanimously reversed on the law
and motion denied, with costs as provided in *Stevens v General
Elec. Co.* ([appeal No. 1] 144 AD2d 991 [decided herewith]). Same
memorandum as in *Barrette v General Elec. Co.* ([appeal No. 1
144 AD2d 983 [decided herewith]). (Appeal from judgment of
Supreme Court, Onondaga County, Stone, J.—summary judg-
ment.) Present—Dillon, P. J., Callahan, Doerr, Denman and
Boomer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ALPHONZO SATCHER, Appellant.—Judgment unanimously af-
firmed. Memorandum: On appeal from his convictions follow-
ing a bench trial for attempted murder, second degree, and
criminal use of a firearm, first degree, defendant argues that
his jury waiver was ineffective because it was not made before
this nonjury trial commenced but, rather, after the testimony
of the first witness for the People. The jury waiver was
presented to the court early in the proceedings and there is no
question raised concerning the voluntariness of the waiver.
Under these circumstances, the defendant's waiver of a jury
trial was effective *(People v Kravitz,* 140 AD2d 972; *People v
Caldwell,* 107 Misc 2d 62).

Although the court did not comply with CPL 320.20 (5) by