■ Frances Kalbacher et al., Appellants, v Hector W. Paez, Also Known as Nester N. Paez, Defendant, and David C. Koshar, Respondent. [628 NYS2d 507] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 4, 1993, which granted the motion of the defendant David C. Koshar for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the defendant David C. Koshar submitted sworn affidavits and documentary evidence demonstrating his entitlement to judgment as a matter of law *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Matter of Maeder,* 203 AD2d 464; *Ionian Constr. v Stiftung,* 202 AD2d 554). The affidavit of the plaintiff Robert E. Kalbacher, submitted in opposition to the motion, failed to establish a

genuine triable issue of fact since it did not tend to prove the existence of a formal employment or master-servant relationship between Koshar and the defendant Hector W. Paez, who was operating the vehicle at the time of the collision. Moreover, the two additional affidavits submitted by the plaintiffs were based on hearsay and, thus, did not constitute evidence in admissible form *(see, McCormack v Graphic Mach. Servs.,* 139 AD2d 631; *see generally, Barrette v General Elec. Co.,* 144 AD2d 983). Inasmuch as the plaintiffs' speculative arguments in opposition to the motion consisted of "mere conclusions, expressions of hope or unsubstantiated allegations" *(Zuckerman v City of New York,* 49 NY2d 557, 562), the Supreme Court properly awarded summary judgment in favor of Koshar *(see, e.g., Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *Matter of Maeder, supra; Savino Oil & Heating Co. v Rana Mgt. Corp.,* 161 AD2d 635; *Marine Midland Bank v Idar Gem Distribs.,* 133 AD2d 525).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.